UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KAREEN ANDERSON,<br><br>                     Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA, *et al*.,<br><br>                     Defendants. | Case No. 2:18-cv-02173-JAD-GWF<br><br>**ORDER AND REPORT AND RECOMMENDATION**<br><br>**Re: Application to Proceed** *in Forma Pauperis* **(ECF No. 5) and Complaint (ECF No. 1-1)** |

This matter is before the Court on the screening of Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 5), filed December 19, 2018 and Complaint (ECF No. 1-1), filed on November 9, 2018. The Court previously entered an Order (ECF No. 4) denying Plaintiff's Application, without prejudice.

**BACKGROUND**

Plaintiff, Kareen Anderson ("Plaintiff") is a pro se litigant currently housed at the Nevada Southern Detention Center ("Core Civic"). Plaintiff brings this case pursuant to 42 U.S.C. § 1983 and alleges that Defendants, Federal Bureau of Investigation Agents Ryan Burks, Johnathan Rowe, and Weesayma Kennedy unlawfully arrested Plaintiff without a warrant in violation of the Fourth Amendment. He further alleges claims against the United State of America, Core Civic and two individuals, Dr. Seveya and Nurse Ubina, who work as medical staff for the prison ("Medical Staff") based on malicious prosecution, defamation, negligence, medical and nutritional neglect in violation of Plaintiff's Fourteenth Amendment. *See Complaint* (ECF No. 1-1), 1-9.

. . .

. . .

**DISCUSSION**

### I.  Application to Proceed *In Forma Pauperis*

Plaintiff filed this instant action and attached a financial affidavit to his application and Complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II.  Screening the Amended Complaint

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1)(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under §1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*,

2

449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*, See *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed sua sponte if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g. claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g. fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); see also *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.  Instant Complaint

Plaintiff's Complaint is fourteen pages long and references an additional 34 pages of exhibits identified and filed as Exhibits A-C3. The Complaint names seven defendants including the United States of America, three FBI Agents and the Medical Staff and Core Civic. Plaintiff sues all Defendants in both their individual and official capacities. Specifically, Plaintiff asserts a *Bivens* violation against the FBI Agents in violation of his Fourth Amendment right and five tort causes of action against the United States of America, the Medical Staff and Core Civic pursuant to the Federal Tort Claims Act ("FTCA"), including: (1) malicious prosecution; (2) defamation; (3) negligence; (4) medical neglect; and (5) nutritional neglect.

### A.  *Bivens* Violation

This litigation arises from a federal criminal prosecution against Plaintiff, and two co-defendants. On November 1, 2016, a federal grand jury indicted Plaintiff on six counts related to distribution of controlled substances.[1] Shortly before trial Defendant entered into a Plea Agreement and plead guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C.§ 846, 841(a)(1) and (b)(1)(A)(viii).[2] Plaintiff contends the FBI Agents

---

[1] *United States of America v. Anderson*, et al., 2:16-cr-305-KJD-VCF-1, See *Indictment* (ECF No. 1).
[2] *United States of America v. Anderson*, et al., 2:16-cr-305-KJD-VCF-1, See *Plea Agreement* (ECF No. 228).

3

1  violated his Fourth Amendment right by arresting him in his home without a warrant or before an
2  indictment was returned and are therefore guilty of a *Bivens* violation. He further alleges that
3  while a warrant was eventually obtained, it misclassifies his gender as "female."

4        In *Bivens*, the Supreme Court "recognized ... an implied private action for damages against
5  federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v.*
6  *Malesko*, 534 U.S. 61, 66, (2001) (citing *Bivens v. Six Unknown Named Agents of Federal Bureau*
7  *of Narcotics*, 403 U.S. 388, 391 (1971)). In doing so, the Supreme Court established that "federal
8  courts have the inherent authority to award damages against federal officials to compensate
9  plaintiffs for violations of their constitutional rights." *W. Ctr. For Journalism v. Cederquist*, 235
10 F.3d 1153, 1156 (9th Cir.2000) (citations omitted). The Supreme Court recognized that an implied
11 private cause of action arises when law enforcement officials violate a plaintiff's Fourth
12 Amendment right by executing a warrantless search of a plaintiff's home. *Bivens*, 403 U.S. at 391.

13       The Fourth Amendment protects "[t]he right of people to be secure in their persons, houses,
14 papers, and effects, against unreasonable search and seizure." U.S. Const. amend. IV. An arrest
15 made without a warrant requires probable cause. *Gilker v. Baker*, 576 F.2d 245, 246 (9th Cir.
16 2001). An arrest made without probable cause or other justification provides the basis for a claim
17 of unlawful arrest under §1983 as a violation of the Fourth Amendment. *Dubner v. City of San*
18 *Francisco*, 266 F. 3d 959 (9th Cir. 2001). A warrantless search, however, is reasonable where the
19 officer has probable cause to believe a crime has been or is being committed in his presence.
20 *Devenpeck v. Alford,* 543 U.S. 146, 152 (2004). "If an officer has probable cause to believe that
21 an individual has committed even a very minor criminal offense in his presence, he may, without
22 violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista*, 532 U.S. 318,
23 354 (2001).

24       Here, Plaintiff argues that his arrest on November 1, 2016 was a violation of his Fourth
25 Amendment right because no warrant was provided at the time of the arrest, but instead produced
26 4 to 5 hours later. He also alleges the warrant was invalid because it described him as a woman
27 who was arrested the following day on November 2, 2016. *Complaint* (ECF No. 1-1), 2-3.
28 Plaintiff's review and analysis of his arrest warrant is incorrect. The warrant itself is dated on

November 1, 2016 – the date he was arrested in his home – and was returned as executed on November 2, 2016.  Moreover, even if the FBI Agents had arrested Plaintiff without a warrant, it appears they still had probable cause to make the arrest based on the grand jury indictment on November 1, 2016.  *See Kaley v. United States*, 571 U.S. 320, 388 (2014) (discussing a grand jury's finding of probable cause).  Finally, Plaintiff's *Bivens* claim, is time-barred.  The court applies the forum state's statute of limitations for personal injury actions to *Bivens* claims.  *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985).  Nevada's statute of limitations for personal injury actions is two years.  *See* NRS 11.190(4)(e).  Plaintiff commenced this action on November 9, 2018.  The Complaint alleges FBI Agents conduct occurred on November 1, 2016.  Thus, Plaintiff's *Bivens* claim fails to state a claim for which relief can be granted and should be dismissed, with prejudice.

### B.  Malicious Prosecution

As an initial matter, a federal prisoner may maintain a claim for damages against the United States under the FTCA.  *See United States v. Muniz*, 374 U.S. 150 (1963); *Vander v. U.S. Dept. of Justice*, 268 F.3d 661 (9th Cir.2001) (recognizing validity of FTCA claim where injuries caused by prison official negligence, but finding claim barred because plaintiff injured during work at prison, and Prison Industries Fund is exclusive remedy for prisoners injured working in prison even where injury is subsequently aggravated by negligence or malpractice of prison officials).

In order to prove a FTCA violation, Plaintiff must make a claim for money damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (emphasis added). Before suing the government under the FTCA, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a).  Plaintiff alleges that he filed several "sick calls" and grievances related to his infected toenail, back and foot injuries and Kosher diet requests.  He attaches each request as Exhibits C1 through C3. He also represents that he has completed the grievance process.  Thus, it appears Plaintiff has exhausted his administrative

remedies. In deciding claims brought pursuant to the FTCA, the court applies the law of the state where the alleged tort occurred. See 28 U.S.C. § 1346(b)(1); *see also Aguilar v. United States*, 920 F.2d 1475, 1477 (9th Cir.1990), abrogated on other grounds by *United States v. Olson*, 546 U.S. 43, 46 (2005).

To state a claim for malicious prosecution, a plaintiff must allege (1) that the defendant lacked probable cause to initiate the prosecution, (2) malice, (3) the prior criminal proceedings were terminated in his favor, and (4) he suffered damages. *LaMantia v. Redisi*, 38 P.3d 877, 888 (Nev. 2002) (citation omitted). Plaintiff was indicted on conspiracy to distribute a controlled substance, and five counts of distribution of a controlled substance.[3] In light of the grand jury indictment, the government had probable cause to initiate the criminal prosecution against Plaintiff. *See Kaley v. United States*, 571 U.S. 320, 388 (2014).

Plaintiff argues that the FBI Agents made false representations in order to obtain a warrant which subsequently led to the Indictment for distribution of controlled substance. He specifically argues that in several instances he was either not present during a point of sale or discovery related to the sale was withheld during trial. *Motion* (ECF No. 1-1), 4. He further alleges that Counts 5 and 6 of the Indictment do not pertain to him at all. The Court recognizes that Plaintiff eventually plead guilty to only one count of conspiracy to distribute, but that does not equate to a favorable termination. Plaintiff's Complaint fails to set forth any facts which prove the government intentionally presented false evidence and lacked probable cause to arrest him. Therefore, Plaintiff has failed to state a claim for malicious prosecution. The Court dismisses this claim, without prejudice. Plaintiff is granted leave to amend his complaint to state sufficient facts to state a claim, if he is able to do so.

### C. Defamation/ Oral Slander and Deliberate Indifference in Violation of the Fourteenth Amendment Equal Protection Clause

Plaintiff seeks relief for defamation of character and argues that he was prejudiced by the slander that took place during his initial appearance proceeding on November 3, 2016. Specifically, Plaintiff alleges that the Assistant United States Attorney ("AUSA") portrayed him

---

[3] *United States of America v. Anderson*, et al., 2:16-cr-305-KJD-VCF-1, See *Indictment* (ECF No. 1).

6

as someone with an extensive criminal background. He also appears to allege this conduct amounts to deliberate indifference in violation of the Fourteenth Amendment's Equal Protection Clause because he did not have an extensive criminal history but only traffic violations for which he had paid. The Equal Protection Clause of the Fourteenth Amendment is essentially a directive that all similarly situated persons be treated equally under the law. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). In order to state an equal protection claim, a plaintiff must allege facts demonstrating that defendants acted with the intent and purpose to discriminate against him based upon membership in a protected class, or that defendants purposefully treated him differently than similarly situated individuals without any rational basis for the disparate treatment. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). When analyzing a discrimination claim under the Fourteenth Amendment, the courts "must first determine the appropriate level of scrutiny to be applied. If the rule disadvantages a suspect class or impinges upon a fundamental right, the court will examine it by applying a strict scrutiny standard. If no such suspect class or fundamental rights are involved, the conduct or rule must be analyzed under a rational basis test." *Giannini v. Real*, 911 F.2d 354, 358 (9th Cir. 1990).

Here, the Court does not reach a determination as to the appropriate level of scrutiny because Plaintiff's claim is barred on other grounds. Plaintiff does not name the AUSA as a defendant, however, he sues the United States for the actions of the AUSA. Prosecutors, and by extension the United States, are absolutely immune from civil suits for damages under section 1983 that challenge activities related to the initiation and presentation of criminal prosecutions. *Imbler v. Patchtman*, 424 U.S. 409 (1976); *see also Van de Kamp v. Goldstein*, 129 S. Ct. 855 (2009); *Botello v. Gammick*, 413 F. 3d 971, 975 (9th Cir. 2005). Here, Plaintiff's allegations directly relate to the functions associated with a criminal prosecution, indeed they took place during his initial arraignment. Accordingly, Plaintiff's claim for defamation/ oral slander should be dismissed with prejudice.

. . .

. . .

**D. Negligence, Medical and Nutritional Neglect Claims**

In Count 4 Plaintiff alleges imputed negligence against the United States of America for the actions of the Assistant United States Attorney. In Counts 5-7 Plaintiff alleges imputed negligence, two claims of medical neglect and one claim of nutritional neglect against the Medical Staff and Core Civic. Plaintiff alleges that he suffered detention, undue prejudice in violation of his Fourteenth Amendment constitutional right, severely infected toenails, toes, leg, face, eye injuries and severe weight loss despite his repeated complaints and requests that he be provided a Kosher diet for religious purposes.

To state a claim for negligence under Nevada law, a plaintiff must allege that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages. *Sadler v. PacifiCare of Nev.*, 130 Nev. 990, 340 P.3d 1264 (2014). Here, it appears Plaintiff alleges both the Medical Staff and Core Civic had a duty to properly treat his medical conditions related to his foot, back and toenails. He asserts the Medical Staff and Core Civic breached that duty by failing to properly treat his wounds which caused skin rashes, and one hospitalization. He further alleges that Dr. Seveya repeatedly denied his requests for his Kosher diet based on his religion and medical needs. As a result of the denial of his Kosher diet, Plaintiff alleges that he has lost approximately thirty-five pounds and had "medical reactions" to non-Kosher food. Finally, Plaintiff alleges that the Medical Staff acted improperly by failing to timely respond to a medical grievance related to Plaintiff's back injury which resulted in further injury. Accepting these allegations are true, Plaintiff has stated a claim for negligence against the Medical Staff and Core Civic.

Plaintiff contends that he has suffered medical and nutritional neglect in violation of his Fourteenth Amendment due process rights. The Fourteenth Amendment affords pretrial detainees protections from excessive force and violence. *City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244, 103 S. Ct. 2979, 77 L.Ed. 2d 605 (1983). Since Plaintiff is not a pretrial detainee, the Fourteenth Amendment is inapplicable. [4] Thus, Plaintiff's claims for medical and nutritional neglect are denied, without prejudice.

---

[4] This claim may be more properly brought under the Eighth Amendment, deliberate indifference standard.

### E. Suing Defendants in their Individual and Official Capacities

State officials sued in their official capacity are not persons under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S 58, 71 (1989). However, a state official sued in his personal capacity may be found liable for damages if a plaintiff can show that the defendant personally violated his constitutional rights. *OSU Student Alliance v. Ray*, 669 F. 9d 1053, 1069 (9th Cir. 2012). Plaintiff brings suit against all Defendants in both their official and "individual capacity." (ECF No 1-1), 1 The Court must determine whether a suit is brought against a defendant in his individual or official capacity by considering the "essential nature" of the proceeding. *Eaglesmith v. Ward*, 73 F. 857, 859 (9th Cir. 1996) (citing *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 464 (1945)). In *Eaglesmith*, the Court determined the matter to be against the official in his official capacity because that was stipulated to by the parties. 73 F. 3d at 859. In the instant case, the Plaintiff specifically indicated that he intended to sue all Defendants in their individual capacity. Thus, any viable claims against the Medical Staff may proceed. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 5) is **granted**. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting forma pauperis status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate # 53685048), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint may proceed on the claim of negligence against Defendants Dr. Seveya and Nurse Ubina, in their individual capacities, and Core Civic.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to Defendants named in the complaint and deliver the summons to the U.S. Marshal for service. The Clerk of the Court shall send the required USM-285 forms to Plaintiff. Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada 89101. After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying if Defendants were served. If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (90) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or their counsel. The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

**IT IS FURTHER ORDERED** that Plaintiff's claims regarding malicious prosecution, medical and nutritional neglect are **dismissed, without prejudice**, with leave to amend. Plaintiff shall have until **July 31, 2019** to file an amended complaint correcting the noted deficiencies, if he elects to do so.

. . .

. . .

. . .

**RECOMMENDATION**

**IT IS FURTHER RECOMMENDED** that Plaintiff's *Bivens* claim against Defendants Ryan Burks, Johnathan Rowe, Weesayma Kennedy, and defamation/oral slander claim against the United States of America be **dismissed** with prejudice.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 21st day of June, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE