# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Kareen Anderson, | Case No.: 2:18-cv-02173-JAD-GWF |
| Plaintiff | **Order Overruling Objection to Magistrate Judge's Report and Recommendation and Denying Emergency Motion** |
| v. | |
| United States of America, et al., | [ECF Nos. 6, 7, 14, 16] |
| Defendants | |

Kareen Anderson brings this lawsuit under 42 U.S.C. § 1983 as a *pro se* prisoner housed at the Nevada Southern Detention Center (Core Civic) alleging that FBI agents Ryan Burks, Jonathan Rowe, and Weesayma Kennedy unlawfully arrested him without a warrant in violation of the Fourth Amendment.[1] Anderson also asserts claims against the United States, Core Civic, and two members of the prison medical staff, Dr. Seveya and Nurse Ubina, alleging malicious prosecution, defamation, negligence, and medical and nutritional neglect in violation of the Fourteenth Amendment.[2]

Magistrate Judge George Foley screened Anderson's complaint and renewed application to proceed *in forma pauperis*[3] and made findings and conclusions as to both.[4] After thoroughly reviewing the complaint and application, Judge Foley recommends that I grant Anderson's request to proceed *in forma pauperis*, dismiss with prejudice Anderson's *Bivens* and defamation claims, dismiss without prejudice and grant leave to amend Anderson's malicious-prosecution and medical- and nutritional-neglect claims, and allow Anderson to proceed on his negligence

---
[1] ECF No. 1-1 (complaint).
[2] *Id.*
[3] ECF No. 1-1; ECF No. 5 (renewed application).
[4] ECF No. 14 (screening order and report and recommendation).

claims against Core Civic and the named members of the prison medical staff.[5] Anderson's only true objections to Judge Foley's recommendation are that his *Bivens* claim should not be dismissed either as time-barred or because he misunderstood the warrant for his arrest.[6] Because I find that a factual dispute exists regarding the date of the arrest and execution of the warrant, I sustain Anderson's objection in part, adopt Judge Foley's recommendation in part, grant Anderson's request to proceed *in forma pauperis*, dismiss with prejudice Anderson's defamation claim, dismiss with leave to amend Anderson's *Bivens*, malicious-prosecution, and medical- and nutritional-neglect claims, and allow Anderson to proceed on his negligence claims against Core Civic and the named members of the prison medical staff.

**Discussion**

**I.    Anderson's *Bivens* claim is not time-barred and cannot be dismissed because he alleges a factual discrepancy about the execution and issuance of the arrest warrant.**

In his objection, Anderson asserts that Judge Foley's "only issue" with the *Bivens* claim was that the "date the complaint was filed was days after the two year [sic] mark of November 1st, 2018," but, Anderson argues, the complaint "has a time stamp on the top right hand corner to confirm" that it was "placed in the mailbox of this jail facility on time."[7] The upper righthand corner of the complaint bears the stamp of the Clerk of the United States District Court, District of Nevada, dated November 9, 2018, which corresponds with the date of filing.[8] The envelope in which the complaint was delivered to the court indicates that it was mailed from Core Civic on

---

[5] *Id.*

[6] ECF No. 16 (objection).

[7] *Id.* at 2.

[8] *See* ECF No. 1-1 at 1.

November 8, 2018.[9] The first page of the complaint does contain the date "November 1st, 2018" in the upper righthand corner, but it is not a "time stamp" as Anderson claims.[10] Rather, it is the date ostensibly printed on the complaint by its author, which, as a *pro se* litigant, would be Anderson himself.

The mailbox rule dictates that "a *pro se* prisoner's notice of appeal from the denial of a federal habeas petition is filed at the time it is delivered to the prison authorities for forwarding to the court clerk."[11] The rationale underlying this rule is that "the *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay, and that a prisoner litigant's control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access—the prison authorities."[12] Assuming this rule applies outside the context of appeals from the denial of federal habeas petitions,[13] and because district courts afford leniency to *pro se* litigants regarding pleading standards,[14] I construe Anderson's time-stamp argument to allege that he placed his complaint with prison authorities for mailing on or before November 1, 2018. That is enough at this complaint-screening stage.

This leaves Anderson's objection that Judge Foley erred when he found that the warrant was valid. Anderson has maintained throughout this action and the underlying criminal proceeding that he was arrested on November 1, 2016, prior to both the grand jury indictment

---

[9] *Id.* at 48.

[10] *See id.* at 1.

[11] *Hernandez v. Spearman*, 764 F.3d 1071, 1074 (9th Cir. 2014) (internal citations omitted).

[12] *Id.* (quoting *Houston v. Lack*, 487 U.S. 266, 271 (1988)).

[13] *See Douglas v. Noelle*, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (holding that the *Houston* mailbox rule applies to § 1983 claims filed by *pro se* prisoners).

[14] *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

3

and the issuance of the arrest warrant.[15] Judge Foley found that Anderson's "review and analysis of his arrest warrant [was] incorrect" in that "the warrant itself [was] dated on November 1, 2016—the date [Anderson] was arrested in his home—and was returned as executed on November 2, 2016."[16] Here, I disagree with Judge Foley. Having reviewed the sealed indictment and arrest warrant, I find that the warrant states that it was issued on November 1, 2016, and Anderson was arrested and the warrant returned as executed on November 2, 2016.[17] Due to this alleged factual incongruity, I cannot dismiss with prejudice Anderson's *Bivens* claim as Judge Foley recommends. But I find that Anderson's allegations about his arrest are conclusory, so I dismiss this claim with leave to amend to plead true facts to show when the arrest occurred.

**II.   Anderson misunderstands Judge Foley's findings and conclusions about his malicious-prosecution claim.**

In his second objection, Anderson asserts that Judge Foley "covers cites [sic] medical issues and taking the grievance steps of the facility" and alleges error because "count two in the complaint is not about medical issue in this detention center but malice involved in the instituting of the prosecution against [him]."[18] Anderson describes how Judge Foley "goes over the plea deal that came before trail [sic] last year" insisting that "the plea does not involve any of the

---

[15] ECF No. 1-1 at 2; ECF No. 16 at 4; *see also United States of America v. Anderson*, 2:16-cr-305-KJD-VCF-1.

[16] ECF No. 14 at 4–5.

[17] *United States of America v. Anderson*, 2:16-cr-305-KJD-VCF, ECF No. 19 (warrant, entered on this court's docket November 3, 2016).

[18] ECF No. 16 at 4.

4

counts in the complaint and therefore not effect [sic] it" and, Anderson argues, "a plea in the last count does not exclude [sic] the malice in every other count."[19]

Judge Foley references the "medical issues" and "grievance steps" for the sole purpose of establishing the procedure through which a claim is brought under the FTCA, acknowledging that Anderson had "exhausted his administrative remedies."[20] Judge Foley's allusion to the plea agreement, meanwhile, serves to highlight that resolving a criminal proceeding via plea "does not equate to a favorable termination"—one of the essential elements of a malicious-prosecution claim.[21] Anderson does not specifically object in any way to Judge Foley's ultimate conclusion of law that Anderson "fails to set forth any facts [that] prove the government intentionally presented false evidence and lacked probable cause to arrest him" and therefore fails to state a claim for malicious prosecution.[22] I therefore adopt Judge Foley's recommendation in this regard and dismiss this claim with leave for Anderson to amend his complaint to allege sufficient facts to state a claim if he is able.

**III. Anderson misunderstands the law on his defamation/oral slander claim.**

In his final objection, Anderson attempts to argue the merits of his equal-protection claim, asserting that "[he] and [his] co defendants were similarly situated," that "the only real difference between [them] is . . . gender," and that "because of the gender difference, [he] was deliberately indifferenced [sic]."[23] He misconstrues Judge Foley's findings when he seems to

---

[19] *Id.*
[20] ECF No. 14 at 5–6.
[21] *Id.* at 6.
[22] ECF No. 14 at 6; *see* ECF No. 16 at 4–5.
[23] ECF No. 16 at 5.

5

admit that "the magistrate is right I should include the AUSA in a [sic] amendment."[24] This was not Judge Foley's conclusion.

Judge Foley concluded that determining the appropriate level of scrutiny for an equal protection analysis was unnecessary because "prosecutors, and by extension the United States, are absolutely immune from civil suits for damages under section 1983 that challenge activities related to the initiation and presentation of criminal prosecutions."[25] His comment that Anderson failed to name the AUSA as a defendant was not an invitation to do so, but rather an explanation that Anderson, by naming the United States, was effectively suing over the actions of the prosecutor.[26] I overrule this objection and dismiss this claim with prejudice.

## IV. Leave to Amend

As explained above in sections I and II, the court, by this order, is giving Anderson the opportunity to file an amended complaint to better plead his *Bivens* claim and his claim for malicious prosecution if he has the truthful facts necessary to do so. If Anderson does not file an amended complaint, this case will proceed on his claims for negligence against Dr. Seveya, Nurse Ubina, and Core Civic only. If he chooses to file an amended complaint, Anderson is advised of the following:

- An amended complaint supersedes the original complaint, so the amended complaint must be complete in itself. This means that the amended complaint must contain all claims, defendants, and factual allegations that plaintiff wishes to

---

[24] *Id.* at 6.

[25] ECF No. 14 at 7.

[26] *See id.*

6

- pursue in this lawsuit. It cannot, however, restate claims or include defendants that have been dismissed with prejudice or without leave to amend in this order.
- He must separate out his various causes of action and he must include within that cause of action all of the facts to support each element of it.

And because Anderson filed his amended complaint [ECF No. 21] in response to Judge Foley's order, which I have modified based on Anderson's objections, I strike that amended complaint as moot and give Anderson until September 8, 2019, to file an amended complaint that complies with this order.

**V.   Other Pending Motions**

Finally, I address Anderson's pending emergency motion for an order requiring his facility to provide him a vegan and kosher diet and for court-ordered library time.[27] Because Anderson has not yet pled a viable claim relating to his diet, and injunctive relief cannot be granted without a likelihood of success on the merits of a claim for which injunctive relief is an available remedy,[28] I deny Anderson's motion for an order directing the facility to provide him a vegan-kosher or pescatarian diet without prejudice to Anderson's ability to file a new motion requesting such relief once the court has permitted him to proceed with a claim related to that deprivation.

I also deny Anderson's request for an order requiring him to get eight hours of library time per day because he has not demonstrated that he is entitled to this special privilege. Anderson explains that he is taking a correspondence course for paralegal skills and getting

---

[27] ECF Nos. 6, 7.

[28] *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) (holding that "[a] court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

7

access to his facility's law library for the full eight hours a day that it is open would "help" him complete that course and keep up with the demands of this lawsuit that he's filed in this case.[29] Although prisoners have a constitutional right of access to the courts, and that right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law," it does not require the court to accommodate the desire of a prisoner to have the extraordinary access to the law library that Anderson now requests.[30] Anderson does not plead a claim for denial of access to the courts, and he has shown no basis for the extraordinary relief of an order directing that he be given special law-library privileges. So, I deny his request for such an order.

**Conclusion**

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED that Anderson's objection **[ECF No. 16] is SUSTAINED in part,** and the magistrate judge's report and recommendation **[ECF No. 14] is ADOPTED in part**.

IT IS FURTHER ORDERED that:

- Anderson's negligence claim may proceed against defendants Dr. Seveya and Nurse Ubina in their individual capacities, and against Core Civic;
- Anderson's *Bivens* claim, and his claims regarding malicious prosecution, and medical and nutritional neglect are DISMISSED with leave to file an amended complaint by September 8, 2019, consistent with this order; and

---

[29] ECF No. 6 at 4.

[30] *See Lewis v. Casey*, 518 U.S. 343, 346–57 (1996).

8

- Anderson's defamation/oral slander claim against the United States of America is DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **STRIKE [ECF No. 21]** the amended complaint.

IT IS FURTHER ORDERED THAT Anderson's Emergency Motion for Court Ordered Food Diet and Law Library Time **[ECF Nos. 6, 7] are DENIED.**

Dated: August 9, 2019

_____
U.S. District Judge Jennifer A. Dorsey