UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KAREEN ANDERSON,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 2:18-CV-02173-JAD-EJY

**Order re Counts 1, 4, 5, 6, and 7.**

**Report and Recommendation to Dismiss Counts 2 and 3 With Prejudice.**

Before the Court is Plaintiff Kareen Anderson's first amended Civil Complaint (EFC No. 25), which responds to the Court's August 9, 2019 Order (ECF No 24) dismissing Plaintiff's *Bivens* claim, malicious prosecution claim, and medical and nutritional neglect claim with leave to amend.[1] Hereinafter ECF No. 25 is referred to as the First Amended Complaint. Plaintiff's defamation claim was dismissed with prejudice, and Plaintiff's negligence claim against CoreCivic and the named members of the prison medical staff were allowed to proceed as pled. Plaintiff's *in forma pauperis* status was granted on June 21, 2019.[2]

The Court now screens Plaintiff's First Amended Complaint in accordance with the requirements of 28 U.S.C. § 1915(A), and the case law standards discussed in detail in ECF No. 14 at 2:8-3:11.

## FACTS ALLEGED IN THE FIRST AMENDED COMPLAINT

1.    Bivens – Count 1

Plaintiff alleges that three FBI Special Agents (Ryan Burks, Jonathan Rowe, and Kennedy Weesayma) arrested him on November 1, 2016, before a warrant was issued and before an indictment was returned by the Grand Jury.[3] In support of this claim, Plaintiff attaches FD-302

---

[1]    ECF No. 24 at 2:7-8; 8:18-20.

[2]    EFC No. 14.

[3]    ECF No. 25 at 2:25 – 3:7.

forms, completed by Special Agents Burke and Weesayma, dated November 2 and 7, 2016, in which they say the following, respectively:

> On November 1, 2016, at approximately 10:45 a.m., members of the Las Vegas Safe Streets Gang Unit … arrested Kareen Anderson . . ..  Anderson was arrested pursuant to a Federal arrest warrant issued on November 1, 2016 . . .[4]

And,

> On November 1, 2016, SA Ryan Burke and SA Jonathan Rowe attempted to interview Kareen Anderson … following his arrest.

Plaintiff also attaches and discusses the docket sheet in his underlying criminal case, Case No. 2:16-cr-305 (the "Criminal Case"),[5] which the Court reviewed through the Court-sponsored electronic filing system.  A review of ECF No. 5 on the criminal case docket sheet shows Minutes of Proceedings that started on November 1, 2016 at 1:16 p.m. and ended at 1:18 p.m., during which time the Grand Jury return was received by the Court followed by the issuance of arrest warrants for Plaintiff and his co-defendants.[6]  Exactly when the indictment was filed is unknown at this point, but the Minutes of Proceedings demonstrate that the warrant would not have issued before 1:18 p.m. on November 1.[7]

Plaintiff argues that (1) a warrant arising from an indictment is not "official until it is stamped by the clerk of the court," therefore the arrest was without a warrant in violation of Plaintiff's Fourth Amendment rights, (2) "F.R.Crim.P Rule 4 was violated and a probable cause defense was abandoned and should not be excepted," (3) Rule 5 was violated because it took "an entire day" for Plaintiff to appear for his initial appearance, and (4) Rule 9 was violated because there was "no affidavit in support of that [sic] warrant."[8]

---

[4]　　ECF No. 25-1, pp. 2 and 4 (emphasis added).

[5]　　*Id.*, p. 2.

[6]　　ECF No. 25 at 5:11-13.

[7]　　ECF No. 25-1 p. 6.

[8]　　ECF No. 25 at 5:14-6:3.

Plaintiff's arrest warrant was filed in Court on November 3, 2016.[9]  The bottom portion titled "Return" was completed by an unknown signatory "for [the] FBI" and shows that "[t]his warrant was received on … 11/01/2016, and the person was arrested on ... 11/02/2016 at … Las Vegas, NV."[10]  The document is then dated 11/02/2016.[11]  The U.S. Pretrial Services/U.S. Marshals Service Arrest Intake Form shows the "Date arrested or booked" as November 1, 2016, and that Plaintiff arrived "at USMS 11/2/16 @0915."[12]  Plaintiff states that the "warrant return … Falsely [sic] claims that the execution of the warrant to arrest the plaintiff took place November 2nd, [sic] 2016."[13]

Plaintiff claims injuries in the form of his arrest without a warrant and before an indictment was returned (also termed by Plaintiff as "Trespass on constitutional rights"), loss of his daughter to DFS custody, and "[r]ights to due process of F.R.C.P. Rules 3, 4, and 5 disregarded."  *Id.* at 6:17-7:6.

2.    Malicious Prosecution- Count 2

The Court previously concluded that Plaintiff exhausted administrative remedies as required before Plaintiff could bring this claim under the Federal Tort Claims Act ("FTCA").[14]  Thus, the only issue before the Court is whether, upon amendment, Plaintiff now states a malicious prosecution claim upon which relief may be granted.  The Court applies the law of the State of Nevada when analyzing whether Plaintiff states a cause of action for malicious prosecution.[15]

---

[9]    ECF No. 19 in the Criminal Case.

[10]    ECF No. 25-1, p. 10 of 67.

[11]    *Id.*

[12]    *Id.*; *see also* ECF No. 25 at 4.

[13]    ECF No. 25 at 4:24-5:2.

[14]    ECF No. 14 at 5:28-6:1

[15]    28 U.S.C. § 1346(b)(1); *Aguilar v. United States*, 920 F.2d 1475, 177 (9th CIR. 1990), abrogated on other grounds by *United States v. Olson*, 546 U.S. 43, 46, (2005).

To state a claim for malicious prosecution, Plaintiff must allege (1) that the defendant lacked probable cause to initiate a prosecution, (2) malice, (3) the prior criminal proceedings were terminated in his favor, and (4) Plaintiff suffered damages.[16]  In his First Amended Complaint, Plaintiff alleges that facts were fabricated or contradictory as stated by law enforcement, Plaintiff had no involvement in acts with which he was charged or on which charges were based, Plaintiff did not violate the law, and the government failed to produce video evidence.[17]

3.    Imputed Negligence – Count 3

Plaintiff states that he brings this claim against the United States as the only proper defendant in a FTCA action.[18]  After stating the law, Plaintiff makes that following assertion:

> Pursuant to (Title 42 U.S.C. § 1993).
>
> This Due Process violation & 8th Amendment violations is upon Core Civic, Core Civic's N.S.D.C. facility Doctor Sevedra, and Nurse Ubina. In individual capacity, as issues initiated in pretrial proceedings.
>
> I have completed the grievance system and the response returned from the chief of medical staff.  I present this grievance in compliance and satisfaction of **TITLE 42 U.S.C. § 1997e**.  *See* Exhibit.[19]

(Emphasis in original.)  The only other facts set forth by Plaintiff is that this claim "is a complaint on Core Civic, [sic] Doctor Saavedra and Nurse Ubina in their individual and official capacity for neglect, due to [the] protocol of Doctor's policy, that did deprived [sic] me [of my] medical and nutritional needs."[20]

4.    Medical Neglect – Count 4

Plaintiff alleges a violation of the Due Process Clause of the Fourteenth Amendment based on what he terms to be "severely infected toenails and . . . toes" that produce "an odor" that Plaintiff

---

[16]    *La Mantia v. Redisi*, 38 P.3d 877, 888 (Nev. 2002).

[17]    ECF No. 25 at 8:4-13:2.

[18]    *Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998).

[19]    EFC No. 25 at 14:3-6.

[20]    *Id*. at 14:10-12.

did not disclose to the doctor.[21]  Plaintiff concludes this cause of action stating that "[h]ad it not been for the neglect of medical treatment with in [sic] these <u>two years, this infection would not be</u>."[22]

5.    <u>Nutritional Neglect – Count 5</u>

Plaintiff brings this claim against Dr. Saavedra "because ultimately the decision to from [sic] determining [sic] a food diet is his."[23]  Plaintiff states that his medical files include some notation that his health is dependent upon a meat and dairy free diet; that his kosher food, which is mainly soy based, sometimes contains whey, which he cannot eat and to which he has a "bad reaction"; that despite efforts by the "facility," the policy is a medical one ultimately lying with Dr. Saavedra; nothing prevents Dr. Saavedra from ordering a diet that complies with his needs of which the doctor is aware based upon his reaction to minute consumption of foods he cannot eat, but which are "accidentally placed in … [his] Kosher trays numerous times"; and, that "soy is completely discontinued and meat & vegetables dinner [sic] are 6 days a week with one vegan day."[24]  Plaintiff lists his injuries, which include "[n]umerous reactions due to undetectable consumption" which is followed by Plaintiff's citation to the deliberate indifference standard required to state an Eighth Amendment claim.[25]

6.    <u>Medical Neglect – Count 6</u>

Plaintiff brings this claim against Dr. Saavedra and Nurse Ubina in their individual and official capacities.[26]  In sum, Plaintiff claims he had an injured back, asked to be placed in a medical unit because he was unable to protect himself, but was cleared for the general population.[27]  His request was neglected and a prison riot broke out resulting in injuries to Plaintiff including being hit

---

[21]    *Id.* at 14:15-25.

[22]    *Id.* at 14:19-20.

[23]    *Id.* at 15:2-3.

[24]    *Id.* at 15:3-24.

[25]    *Id.* at 16:2-5.

[26]    *Id.* at 16:8-9.

[27]    *Id.* at 16:10-12.

in the face and leg with flying objects and being pepper sprayed.[28]  Plaintiff says that after the incident he again pleaded with Dr. Saavedra and Nurse Ubina to be in the medical housing unit, but his requests were denied despite Plaintiff's contention that others sought to assist him with this request.[29]  Plaintiff goes on to state that pain medication was delayed and, when finally given, he reacted badly to the first prescription and the second was taken during "a shake down" due to "errors in the medical computer"; he has never received blood work for which he was scheduled for nutritional needs or results from a TB test; never received a follow up appointment for injured knees and feet due to the lack of arch supports in shoes; and, there has been "no response to complaint of other issued medication that caused …[Plaintiff] to have rashes and painful reactions.[30]  Plaintiff claims his injuries include "[a]gitated and prolonged back injuries … [, l]eg, face and eye injuries[, and] … [p]ainful reaction to finally describe [sic] medication ignored and disregarded."[31]

7.    Imputed Negligence – Count 7

Plaintiff's second imputed negligence claim is against CoreCivic as the employer of all who are mentioned in his complaint because, Plaintiff contends, none of the events he complains of would have happened but for their employment by CoreCivic.  On this basis, Plaintiff contends, CoreCivic is responsible for the negligent acts of its employees.[32]

**DISCUSSION**

1.    Plaintiff states a viable *Bivens* violation.

*Bivens* established that "victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring

---

[28]    *Id*. at 16:13-15.

[29]    *Id*. at 16:16-20.

[30]    *Id*. at 16:20-17:6.

[31]    *Id*. at 17:7-8.

[32]    *Id*. at 17:15-18.

such a right."[33]  A cause of action under *Bivens* is therefore a judicially created counterpart to civil rights actions under 42 U.S.C. § 1983 for claims against federal officers, who ordinarily do not act under color of state law.

In *Bivens*, the Supreme Court "recognized ... an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."[34]  In doing so, the Supreme Court established that "federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights."[35]  The Supreme Court recognized that an implied private cause of action arises when law enforcement officials violate a plaintiff's Fourth Amendment right by executing a warrantless search of a plaintiff's home.[36]

The Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizure."  U.S. Const. amend. IV.  An arrest made without a warrant requires probable cause.[37]  An arrest made without probable cause or other justification provides the basis for a claim of unlawful arrest under § 1983 as a violation of the Fourth Amendment.[38]  "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."[39]

Here, in Plaintiff's First Amended Complaint he states his *Bivens* claim arises under 42 U.S.C. § 1983, and specifically alleges a Fourth Amendment violation.    Plaintiff also references violations of the Rules of Criminal Procedure 4, 5, and 9.[40]  Plaintiff alleges that he was arrested and detained on November 1, 2016, at approximately 10:00 a.m. before a warrant was issued and before

---

[33]     *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 396 (1971).

[34]     *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66, (2001) (citing *Bivens*, 403 U.S. at 391).

[35]     *W. Ctr. For Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir.2000) (citations omitted).

[36]     *Bivens*, 403 U.S. at 391.

[37]     *Gilker v. Baker*, 576 F.2d 245, 246 (9th Cir. 2001)

[38]     *Dubner v. City of San Francisco*, 266 F. 3d 959 (9th Cir. 2001).

[39]     *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

[40]     ECF No. 25 at 2:16-20; 19:3-5.

an indictment was returned.[41]  Plaintiff further alleges that this claim is clearly supported by the FD-302 forms completed by Special Agents Burke and Weesayma, as well as by the docket sheet in his Criminal Case and the U.S. Pretrial Services/U.S. Marshals Service Arrest Intake Form.[42]  In fact, each of these documents evidence a substantial question of fact regarding whether, at 10:45 a.m. on November 1, 2016, a warrant had issued or an indictment was returned, thereby supporting, at this stage of proceedings, a colorable claim that Plaintiff was arrested without either document in place.

Moreover, despite consistent evidence that appears to support the contention that Plaintiff was arrested on November 1, 2016, the return of the warrant states Plaintiff was arrested on November 2, 2016.  Plaintiff asserts this false claim, together with the warrant information form indicating the person being arrested is female, are further violations of his Fourth Amendment rights.[43]

To state a claim under *Bivens,* a plaintiff must allege that an individual defendant personally committed a specific wrongful act that violated a well-established constitutional right of which a reasonable person would have known.  *Barbera v. Smith,* 836 F.2d 96, 99 (2d Cir. 1987).  Plaintiff asserts these elements by discussing and offering documents that strongly suggest that three officers (Burks, Rowe, and Weesayma) arrested him on November 1, 2016, at 10:45 a.m. without a warrant and without the return of an indictment.[44]  Again, the docket sheet in Plaintiff's Criminal Case shows that the Grand Jury did not appear before Judge Hoffman until 1:16 p.m. on November 1, 2016.  The Intake Form shows that Plaintiff arrived in USMS custody at 9:15 a.m. on November 2, 2016, after being arrested on November 1, 2016, at which time he was transported to the Henderson, Nevada, Detention Center.[45]  If Plaintiff was arrested on November 2, 2016, he could not have been in the Henderson, Nevada, Detention Center on November 1, 2016 for the same arrest.  Thus, while the return of an indictment and the issuance of a warrant both establish probable cause to arrest, and the

---

[41]    *Id.* at 3:1-6.

[42]    ECF No. 25-1 at 2, 4, 6, and 14 of 67.

[43]    ECF No. 25 at 4:23-5:8.

[44]    ECF No. 25-1 at 2, 4, 6, 10, and 14 of 67.

[45]    ECF No. 25-1 at 14 of 67.

issuance of an indictment precludes the need for an affidavit in support of a warrant, Plaintiff's allegations are sufficient to demonstrate that individual defendants, in their individual capacities, may have committed a wrongful act in violation of Plaintiff's Fourth Amendment rights.[46]  This is enough at this complaint-screening stage to allow this claim to proceed as stated in the Order below.

2.    <u>Malicious Prosecution</u>

As stated above, to state a claim for malicious prosecution, Plaintiff must allege (1) that the Defendant lacked probable cause to initiate a prosecution, (2) malice, (3) the prior criminal proceedings were terminated in his favor, and (4) Plaintiff suffered damages.[47]  Here, Plaintiff's malicious prosecution claim fails because Plaintiff cannot establish that criminal proceeding were terminated in his favor.

The Circuit Courts are uniform in holding that a finding that criminal proceedings terminated in Plaintiff's favor requires that the underlying criminal proceedings were concluded in a way that indicates the innocence of the accused.  This requirement is *not* met through a plea agreement even if other charges are dismissed.[48]  As stated by the Ninth Circuit Court of Appeals in *Smithart v.*

---

[46]    Fed. R. Crim. P. 4 speaks to affidavits filed with a criminal complaint.  Plaintiff's arrest was predicated on an indictment not a complaint.  Fed. R. Crim. P. 5 addresses initial appearances.  Plaintiff appeared before Magistrate Judge Hoffman on November 2, 2016 at approximately 3:16 p.m.  ECF No. 9, Case No. 16-cr-305.  This is less than 48 hours after his arrest and is, therefore, presumptively reasonable. *Cnty. of Riverside v. McLaughlin,* 500 U.S. 44, 56 (1991).  Fed. R. Crim. P. 9 is titled "Arrest Warrant or Summons on an Indictment or Information."  Although the language of this Rule may confuse Plaintiff, the 1979 Advisory Committee Notes make clear that an affidavit in support of an arrest warrant is unnecessary following an indictment that, fair on its face, determines the existence of probable cause.  Thus, while Plaintiff states a *Bivens* claim for his arrest without the return of an indictment or issuance of a warrant, Plaintiff's Rule 4 and 9 violations are subsumed in the *Bivens* action, and Plaintiff fails to state a Rule 5 violation.  Thus, the Court recommends these claims be dismissed with prejudice.  As the Rules were either not applicable or were not violated, no Due Process violation occurred.  *See U.S. v. Celani,* Case No. 84-30032, 2012 WL 6553280 at *3-4 (C.D. Ill. December 12, 2012).

[47]    *La Mantia*, 38 P.3d at 888.

[48]    *Pittman v. Metuchen Police Dep't*, 441 Fed.Appx. 826, 829–30 (3d Cir. 2011) (a favorable termination does not include a dismissal of certain counts as part of a plea agreement); *White v. Brown*, 408 Fed.Appx. 595, 599 (3d Cir. 2010) (when a charge is dismissed as a part of a plea bargain involving a guilty plea to some unrelated charge, the dismissal nevertheless is not a favorable termination); *Uboh v. Reno,* 141 F.3d 1000, 1005 (11th Cir.1998) (noting that "courts have found that withdrawal of criminal charges pursuant to a compromise or agreement does not constitute favorable termination ..."); *Taylor v. Gregg,* 36 F.3d 453, 455-56 (5th Cir.1994) (holding that pretrial diversion agreement, in which accused must acknowledge responsibility for offense conduct, "does not terminate the criminal action in favor of the criminal defendant for purposes of bringing a malicious prosecution claim"); *Singleton v. City of New York*, 632 F.2d 185, 193 (2nd Cir.1980) ("[n]o purpose would be served in dismissing the criminal case if the issue of guilt or innocence were in any event to be litigated in a civil suit").

*Towery*, a plea bars subsequent claims that the defendant lacked probable cause to charge the Plaintiff.[49]  Thus, Plaintiff's malicious prosecution claim fails as a matter of law based on Plaintiff's decision to plead guilty to Count One of the indictment.[50]

The Court therefore recommends that Plaintiff's Malicious Prosecution claim be dismissed with prejudice.

3.    <u>Imputed Negligence – Count 3</u>

Liberally interpreting Plaintiff's First Amended Complaint, as the Court must,[51] a plaintiff must nonetheless provide more than mere labels and conclusions to support his claim.[52] A formulaic recitation of the elements of a cause of action is insufficient.[53]  All or part of a complaint filed by a prisoner may therefore be dismissed sua sponte if the prisoner's claims lack an arguable basis either in law or fact. This includes claims based on legal conclusions that are untenable (e.g. claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g. fantastic or delusional scenarios).[54]

Here, the entirety of Plaintiff's third cause of action for Imputed Negligence says only that the claim is brought under the FTCA, that this is a due process claim and Eighth Amendment violation claim against CoreCivic, that Dr. Saavedra and Nurse Ubina deprived Plaintiff of his medical and nutritional needs, that he is suing the doctor and nurse in their individual and official capacities, and that Plaintiff has exhausted the grievance procedures.[55]

---

[49]    79 F.3d 951, 952 (9th Cir. 1996).

[50]    ECF No. 227 and 228 in Case No. 16-cr-305

[51]    *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[52]    *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007).

[53]    *Id.*, *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[54]    *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); see also *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[55]    ECF No. 25 at 13:24-14:12.

1    Even a liberal construction of these allegations in Plaintiff's Third Claim for relief fail to

2    state a claim upon which relief may be granted.  Plaintiff provides no facts to support his claim.

3    Instead, Plaintiff states a conclusion without a single fact alleged.  Therefore, the Court recommends

4    that this claim, as stated, be dismissed with prejudice.

5    4.    Medical and Nutritional Neglect – Counts 4, 5, 6, and 7

6    Counts 4 and 6 of Plaintiff's First Amended Complaint alleges medical neglect against Dr.

7    Saavedra and Nurse Ubina in their individual and official capacities.  Counts 4 and 7 also alleges

8    medical neglect against CoreCivic.  Count 4 states Plaintiff's claim is brought under the Fourteenth

9    Amendment.[56]  Count 5 alleges that, despite knowledge of specific nutritional needs related to

10   Plaintiff's health, these needs have been at least neglected and at best ignored by Dr. Saavedra

11   resulting in reactions causing Plaintiff a need for medical attention.[57]  Plaintiff does not state a

12   specific basis for this claim, but does reference the deliberate indifference standard applicable to

13   Eighth Amendment violations.  Count 6 cites only the standard for claims asserted in a defendant's

14   official capacity, which does not apply here.[58]  Count 7 for "Imputed Negligence" is silent with

15   respect to the legal basis for the claim, but, construed liberally, states that CoreCivic is liable under

16   state law based on the theory of respondeat superior.[59]

17   The Court exercises its discretion to liberally construe Plaintiff's claims against Dr. Saavedra

18   and Nurse Ubina, as well as against CoreCivic, as arising under state law.[60]  As explained in

19

20   [56]    *Id*. at 14:24.

21   [57]    *Id*. at 17:2-18.

22   [58]    Liberally construing Plaintiff's claims, the Court infers that Plaintiff is bringing an action against
     Defendants Dr. Saavedra and Nurse Ubina in their individual capacity only, and not in their official capacity,
23   as no cause of action in the official capacity exists. *Daly–Murphy v. Winston,* 837 F.2d 348, 355 (9th
     Cir.1988); *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States,* 482 F.3d 1157, 1173 (9th
24   Cir.2007).  To the extent Plaintiff asserts he is bringing claims against Dr. Saavedra and Nurse Ubina in their
     official capacities, the Court recommends these claims be dismissed with prejudice.  *Daly-Murphy*, 837 F.2d
25   at 355 ("a *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not
     in his or her official capacity) (citation omitted).

26   [59]    ECF No. 25 at 17:15-18.

27   [60]    *Wilhelm v. Rotman,* 680 F.3d 1113, 1121, 1123 (9th Cir.2012) *citing Hebbe v. Pliler,* 627 F.3d 338,
28   342 (9th Cir.2010) ("where the petitioner is *pro se,* particularly in civil rights cases, [courts should] construe
     the pleadings liberally and ... afford the petitioner the benefit of any doubt").

numerous cases, *Bivens* actions are limited and, when the allegations focus on the kind of conduct that typically falls within the scope of traditional state tort law, federal claims pursuant to *Bivens* are precluded. *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001) ("*Bivens'* limited holding may not be extended to confer a right of action for damages against private entities acting under color of federal law"). The *Malesko* Court held:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual …

*Id.* at 72. However, "federal prisoners in private facilities enjoy a parallel tort remedy that is unavailable to prisoners housed in Government facilities." *Id.* at 72-73. Plaintiff is housed at the Nevada Southern Detention Center in Pahrump, which is a private facility run by CoreCivic, previously known as Corrections Corporation of America ("CCA").[61]

To state a claim for negligence under Nevada law, a plaintiff must allege that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the plaintiff suffered damages.[62] Here, in Plaintiff's Counts 4, 6 and 7 he alleges that the medical staff and CoreCivic had a duty to properly treat his medical conditions related to his toes, toenails, face, leg, back, and medications that caused a painful reaction. Plaintiff also asserts neglect for his feet and knees, nutritional neglect by Dr. Saavedra and CoreCivic. In sum, Plaintiff alleges that Dr. Saavedra, Nurse Ubina, and CoreCivic as their employer, breached the duty of care by failing to properly treat his medical needs, causing him harm by virtue of their neglect resulting in injuries. Accepting these allegations are true, Plaintiff states a claim for negligence against Dr. Saavedra, Nurse Ubina, and against CoreCivic under the theory of respondeat superior.

---

[61]    The website for this entity states: "CCA founded the private corrections management industry three decades ago, establishing industry standards for future-focused, forward-thinking correctional solutions." http://staging.cca.com/who-we-are.

[62]    *Sadler v. PacifiCare of Nev.*, 130 Nev. 990, 340 P.3d 1264 (2014).

## **CONCLUSION**

1.    Order

Accordingly, and good cause appearing,

IT IS HEREBY ORDERED that the following claims shall proceed as pled:

- Plaintiff Kareen Anderson's Count 1 – *Bivens* Action against agents Burke, Rowe, and Kennedy, in their individual capacities, and

- Counts 4, 5, 6, and 7 for state law negligence against Dr. Saavedra and Nurse Ubina in their individual capacities, and CoreCivic under respondeat supereior,

shall proceed as pled.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL** issue summons to Defendants FBI Special Agents Ryan Burks, Jonathan Rowe, Kennedy Weesayma, CoreCivic, Dr. Saavedra, and Nurse Ubina and deliver the summons to the U.S. Marshal for service. The Clerk of the Court **SHALL** send the required USM-285 forms to Plaintiff.  Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada 89101. After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the Court identifying if the Defendants were served. If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the Court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (90) days from the date that the complaint was filed.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or their counsel. The Court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

2.    Report and Recommendation

IT IS RECOMMENDED that Plaintiff's Due Process claim, appearing as part of Count 1, be **dismissed** with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's Count 2 for Malicious Prosecution and Count 3 for Imputed Negligence be **dismissed** with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's claims regarding violatinos of Fed. R. Crim. P. 4, 5, and 9 be **dismissed** with prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff's claims against Dr. Saavedra and Nurse Ubina in their official capacities, as stated in Counts 4 and 6 be **dismissed** with prejudice.

### **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED:  November 8, 2019

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE