UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KAREEN ANDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 2:18-CV-02173-JAD-EJY<br><br>**ORDER** |

Before the Court is Plaintiff Kareen Anderson's Petition for Equitable Tolling (ECF No. 44) and Defendants CoreCivic, Dr. Saavedra, and Nurse Ubina's Response thereto (ECF No. 45). No timely reply was filed by Plaintiff.

In his Petition, Plaintiff asserts that his time to file an objection to the Court's November 8, 2019 Report and Recommendation (ECF No. 35) should be tolled because he diligently pursued his rights and extraordinary circumstances prevented him from complying with the filing requirements. Defendants claim that Plaintiff has not demonstrated the necessary extraordinary circumstances required to trigger equitable tolling. The Report and Recommendation was accepted in full by the Court on November 27, 2019 (ECF No. 37) noting that no objection was filed.

In line with Plaintiff's argument, Plaintiff may be entitled to equitable tolling upon a showing that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted).[1] As explained by the U.S. Supreme Court in *Holland*:

> [W]e have also made clear that . . . the exercise of a court's equity powers ... must be made on a case-by-case basis. . . . In emphasizing the need for flexibility, for avoiding mechanical rules, . . . we have followed a tradition in which courts of equity have sought to relieve hardships which, from time to time, arise from a hard and fast adherence to more absolute legal rules, which, if strictly applied, threaten the evils of archaic rigidity. . . .. The flexibility inherent in equitable procedure enables courts to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct ... particular injustices. . . . Taken together,

---

[1] The petitioner bears the burden of proving that he is entitled to equitable tolling. *Id*. at 649; *see also Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir.2002).

1

> these cases recognize that courts of equity can and do draw upon decisions made in other similar cases for guidance. Such courts exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.

*Id*. at 649-50 (citations and internal quote marks omitted).

Here, Plaintiff specifically explains that the Nevada Southern Detention Center ("NSDC") conducted a "major dorm search" on November 12, 2019, resulting in the scattering and loss of legal materials Plaintiff kept in his cell. This dorm search was followed by a "bunk search" a couple of days later resulting in, *inter alia*, the misplacement of the Report and Recommendation to which Plaintiff sought to object. Plaintiff supports his claim with two emails he sent on November 12, 2019, regarding his lost materials and damaged USB drive on which Plaintiff had scanned a great number of documents. No response was received to these emails. On November 20, 2019, Plaintiff again sent an email seeking to make a legal call to the Clerk of Court in an attempt to gain information needed for his desired objection. Once again, no response was received. Plaintiff avers that the searches conducted and the loss/damage to his legal documents, including the Court's November 8, 2019 Report and Recommendation, were clearly beyond Plaintiff's control and left Plaintiff without access to the materials he needed to timely file his objection.

The above facts demonstrate that Plaintiff diligently attempted to pursue his rights to timely file an objection within 14 days of the Court issuing its November 8, 2019 Order, and that Plaintiff meets the first element of the test necessary to establish equitable tolling. That is, on November 12, 2019, the same day as the dorm search, Plaintiff twice sought assistance from NSDC to retrieve legal materials he needed to file his objection to the November 8, 2019 Order. When Plaintiff's copy of the Report and Recommendation went missing following a bunk search that occurred a few days later, Plaintiff sought to call the Clerk of Court to obtain information needed to file his objection. Given the short amount of time Plaintiff had between receiving the Report and Recommendation, the searches that resulted in the loss or destruction of materials, and the due date for the objection, Plaintiff's efforts demonstrate the diligence contemplated by the law. Nonetheless, Plaintiff must also establish that the events he describes were "extraordinary circumstances" preventing him from acting within the 14 days allotted for an objection to a magistrate judge's order.

Defendants argue that Plaintiff's segregation and the resulting limited access to the law library are insufficient bases to entitle him to equitable tolling. Defendants further aver that the loss, damage, and disorganization of Plaintiff's legal materials also do not justify equitable tolling. Defendants point to numerous cases in the Ninth Circuit holding that prison lockdowns and lack of access to a law library are generally insufficient to establish extraordinary circumstances necessary to warrant equitable tolling. *Blankenship v. Cate*, Civil No. 09cv2414 W(PCL), 2010 WL 3733025, at *4 (S.D.Cal. July 2, 2010) ("Petitioner explains away any delay on his lack of legal knowledge and his limited but available access to the law library, but, pursuant to *Evans v. Chavis*, these are not sufficient justifications to make statutory interval tolling available to him[.]"), *accepted by* 2010 WL 3733583 (S.D.Cal. Sept.17, 2010). *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir.2009) (institutional lockdowns resulting in restricted but available access to the law library do not constitute extraordinary circumstances that warrant equitable tolling). However, the Court notes that numerous contrary cases also exist. *Lott v. Muller*, 304 F.3d 918, 922 (9th Cir. 2002) ("[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate") (citation omitted). As stated in *Lott*, "[t]he peculiar facts of this case echo . . . [the] earlier holding in *Whalem/Hunt v. Early,* 233 F.3d 1146, 1147 (9th Cir.2000) (*en banc*), when we stated that the grounds for granting equitable or statutory tolling are "highly fact dependent."

Looking at the specific facts of this case, to the extent Plaintiff asserts that he had limited access to the law library because he was in segregation, this does not constitute extraordinary circumstances. *Perez v. Biter*, No. CV-12-9376, 2013 WL 5890633, at *5 (C.D. Cal Oct. 31, 2013) *citing Ramirez*, 571 F.3d at 998. However, this is not the totality of facts upon which Plaintiff relies. Plaintiff also demonstrates that his legal materials were destroyed or damaged by searches of his dorm as well as his bunk that were beyond his control. Plaintiff provides the dates of these searches and explains that, among other things, one of the documents lost was the Report and Recommendation to which he sought to object.

The 14 day turnaround to file an objection to a magistrate judge's Report and Recommendation is a relatively quick one for an incarcerated individual. In this case, the Report

and Recommendation was issued on November 8, 2019, and four days later, on November 12, 2019, Plaintiff's materials were lost or damaged due to a dorm search beyond Plaintiff's control. A few days later, Plaintiff's bunk was searched and the Report and Recommendation went missing. Plaintiff immediately pursued remedies arising from the damage and destruction of his legal materials to no avail. These facts distinguishes the present case from *Lewis v. Schroder*, CV-13-02339, 2014 WL 6792047 (D. Ariz. December 2, 2014), upon which Defendants rely. Further, in *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 (9th Cir. 2009), also relied on by Defendants, the court recognized that "[d]eprivation of legal materials is the type of external impediment for which we have granted equitable tolling." (citing *Lott*, 304 F.3d at 924-25).

Ultimately, the Court understands that equitable tolling is used sparingly, *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998), and applied "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005). However, for the reasons set forth above, the Court finds such a rare circumstance requiring flexibility and equitable intervention exists here.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Petition for Equitable Tolling (ECF No. 44) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff shall be entitled to file his objection to the Court's Report and Recommendation (ECF No. 35) within fourteen (14) days of the date of this Order. No further extensions will be granted.

DATED: January 7, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE