UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kareen Anderson,<br><br>    Plaintiff<br><br>v.<br><br>United States of America, et al.,<br><br>    Defendants | Case No.: 2:18-cv-02173-JAD-EJY<br><br>**Order (1) Denying Motion to Strike;<br>(2) Granting Motions to Set Aside Entry of Default; (3) Overruling Objection to and Adopting Magistrate's Screening Order; and (4) Denying Motions to be Transported and for a Temporary Restraining Order**<br><br>[ECF Nos. 49, 53, 58, 59, 65, 67] |

This order addresses many but not all of the motions that are pending on the docket in this case. First up are a pair of motions that the United States and FBI Special Agents Weesayma Kennedy, Ryan Burks, and Jonathan Rowe filed, seeking to set aside the default that the Clerk of Court entered against the agents.[1] Anderson moves to strike the agents' motion, arguing that it is duplicative of the United States' motion.[2] Anderson has not been prejudiced by the duplicative motion, but the record shows that he did fail to serve the agents themselves with process, as the law requires. Thus, I deny Anderson's motion to strike, grant the motions to set aside default, and give the agents until September 13, 2020, to answer or otherwise respond to Anderson's first-amended complaint.

Next up for determination is Anderson's objection to Magistrate Judge Youchah's report and recommendation screening his first-amended complaint.[3] Judge Youchah recommends that I

---

[1] ECF Nos. 49 (United States' motion), 58 (agents' motion).
[2] ECF No. 49.
[3] ECF Nos. 53 (objection), 35 (R&R).

dismiss with prejudice Anderson's malicious-prosecution claim because he cannot plead true facts to show—as he must—that the prior criminal proceeding terminated in his favor.[4] Anderson cannot make this showing because the record in his criminal case reflects that he pled guilty to one count and the government dismissed the others at his sentencing. He argues that this claim should be safe from dismissal under the unclean-hands doctrine, but he fails to meaningfully connect that doctrine with Judge Youchah's reason for recommending dismissal. Thus, I overrule Anderson's objection, adopt the report and recommendation in its entirety, and dismiss with prejudice Anderson's malicious-prosecution claim.

Finally, I determine Anderson's recent motions (1) seeking to be transported to a spine clinic in Pahrump, Nevada, for an appointment and possible engagement of an expert witness and (2) for a temporary restraining order requiring CoreCivic[5] to place him back on a Kosher diet and to not interfere with the thumb drives and roll-away computer that he uses for his legal matters.[6] These motions have been mooted by the fact that Anderson was recently transferred to the Federal Correctional Complex II in Adelanto, California,[7] which is not operated by CoreCivic. I therefore deny as moot Anderson's motions for this relief.

**I.      Motions to set aside default and motion to strike [ECF Nos. 49, 58, 59]**

On Anderson's motion, the Clerk of Court entered default against FBI Special Agents Weesayma Kennedy, Ryan Burks, and Jonathan Rowe.[8] That same day, the United States

---

[4] ECF No. 35 at 9–10.

[5] CoreCivic is the private company that operates the Nevada Southern Detention Center where Anderson was housed.

[6] ECF Nos. 65 (motion to be transported), 67 (motion for TRO).

[7] *See* ECF No. 68 (Anderson's notice of change of address).

[8] ECF Nos. 46 (motion for entry of default), 48 (default).

2

moved under 28 U.S.C. §§ 516–17 and Rules 4, 12, and 55 of the Federal Rules of Civil Procedure to set aside default, arguing that although Anderson had served the United States Attorney with process directed to the United States and the agents, he failed to also serve the agents themselves with process as required by Rule 4(i)(3).[9] Anderson responds by arguing that my order adopting Magistrate Judge Youchah's order screening his first-amended complaint required those defendants to answer his pleading.[10] He also argues that the United States does not analyze—and fails to satisfy—the *Falk v. Allen*[11] factors that district courts must consider when determining a motion to set aside the entry of default.[12]

A few months after the United States filed that motion, the agents, through the United States Attorney, filed their own motion to set aside default that mirrors the United States' motion.[13] The only material difference is that the agents explain in a footnote that the first motion was filed by the United States because the agents were in the process of seeking representation from the Department of Justice (DOJ).[14] After the DOJ approved their representation, the United States Attorney filed a motion to set aside default on the agents'

---

[9] ECF No. 49.

[10] ECF No. 52 at 1 (citing ECF Nos. 35 (screening order), 37 (order adopting unobjected-to screening order)).

[11] *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984) (explaining that the court must consider three disjunctive factors in determining a motion to set aside default, whether: (1) plaintiff will be prejudiced if default is not entered, (2) defendant has a meritorious defense to plaintiff's claims, and (3) defendant's culpable conduct led to the entry of default).

[12] ECF No. 52 at 8–9.

[13] ECF No. 58.

[14] *Id.* at n.1.

behalf. Anderson moves to strike the agents' motion, arguing that it is a supplement for which leave of court to file was required but not obtained.[15]

I begin with Anderson's motion to strike the agents' motion to set aside default. The agents' motion is unnecessarily duplicative—a simple joinder would have sufficed—but I deny Anderson's motion to strike that motion because its filing did not cause him any prejudice. Proceeding to the merits of the motions to set aside default, Anderson is correct that defendants do not expressly analyze the *Falk* factors,[16] but those factors favor setting aside the entry of default because defendants have demonstrated that Anderson failed to properly serve the agents themselves with process.

Rule 4(i)(3) explains that, "[t]o serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf[,] . . . a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)."[17] Defendants argue, and the record reflects, that Anderson caused only the U.S. Attorney's Office to be served with process. The proof of service forms show that the first-amended complaint and summons for each agent was served on "A. Villalpando[,]" who is "designated by law to accept service of process on behalf of the U.S. Attorney of Nevada."[18] Anderson did include the agents' supposed place of business in the "special instructions" box of the USM-285 service form,[19] but he instructed that service be made

---

[15] ECF No. 59 (citing L.R. 7-2(g)).

[16] Defendants do argue that they have a meritorious defense to Anderson's *Bivens* claim.

[17] Fed. R. Civ. P. 4(i)(3).

[18] ECF No. 43 at 3 (for Rowe), 6 (for Kennedy), 9 (for Burks).

[19] *Id.* at 1 (for Rowe), 4 (for Kennedy), 7 (for Burks) (listing the FBI's address in Las Vegas).

4

at the U.S. Attorney's office, not the agents' place of business.[20]  Anderson therefore served only the U.S. Attorney and did not complete the second part of Rule 4(i)(3): serving the agents themselves in the manner set forth in Rule 4(e), (f), or (g).

Anderson argues that his failure to serve the agents themselves does not matter because there is tension between Rule 4(i)(3)'s service requirements and Rule 12(a)(3)'s instruction that the deadline for the agents to answer or otherwise respond to the first-amended complaint expired "within 60 days after service on the officer or employee or on the United States attorney, whichever is later."  There is no tension between these rules.  Anderson's failure to serve the agents themselves with process as required under Rule 4(i)(3) means that Rule 12(a)(3)'s "whichever is later" simply has not yet come to pass.  As for Anderson's argument that I ordered the agents to answer or otherwise respond to his first-amended complaint, that part of my order was directed to defendants Saavedra and Ubina, not the agents.[21]

Defendants have demonstrated that good cause exists to set aside the default entered against agents Rowe, Kennedy, and Burks, so I grant their motions for that relief.  Because the notice that the United States received from Anderson allowed the agents to seek representation, the DOJ has authorized the U.S. Attorney to represent the agents in this lawsuit, and that office is effectively doing so, I find that Anderson has substantially complied with Rule 4(i)(3) and I will not require him to formally serve the agents themselves.  Instead, the agents will have until September 13, 2020, to answer or otherwise respond to Anderson's first-amended complaint.

---

[20] *Id.*

[21] ECF No. 37 at 2 (citing ECF Nos. 28, 30, 33).

5

## II. Anderson's objection to the magistrate judge's screening order [ECF No. 53]

Anderson objects to Judge Youchah's report and recommendation screening his first-amended complaint.[22] I had previously adopted Judge Youchah's screening order in its entirety after the deadline for objecting to it passed without any objection or any request to extend the deadline to file one.[23] But Judge Youchah later found on Anderson's motion that his time to file an objection to that recommendation should be equitably tolled.[24] Anderson did not file his objection by the deadline given to him by the magistrate judge,[25] but I consider his objection on its merits anyway.

When a party objects to a magistrate judge's report and recommendation on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations.[26] The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions."[27]

Judge Youchah recommends that I dismiss with prejudice Anderson's malicious-prosecution claim because he cannot plead true facts to show that the prior criminal proceeding was terminated in his favor, which is a necessary element of his claim.[28] Judge Youchah

---

[22] ECF No. 53.

[23] ECF No. 37 (order adopting R&R).

[24] ECF Nos. 44 (Anderson's petition for equitable tolling), 51 (order granting equitable tolling).

[25] *Compare* ECF No. 51 at 4 (giving Anderson until January 21, 2020, to file his objection), *with* ECF No. 53 at 5 (providing that Anderson mailed his objection on January 22, 2020).

[26] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to).

[27] 28 U.S.C. § 636(b)(1).

[28] ECF No. 35 at 9–10.

accurately recounts in her screening order that Anderson's legal proceeding terminated when he "deci[ded] to plead guilty to Count One of the indictment."[29] She correctly explains that "the Circuit Courts are uniform in holding that" the plaintiff must establish that "[the] criminal proceedings were concluded in a way that indicates the innocence of the accused[,]" but this "requirement is *not* met through a plea agreement even if other charges are dismissed."[30] Anderson argues that this recommendation is erroneous, but his objection focuses on a different element of the claim—malice—and he fails to demonstrate how the unclean-hands doctrine, which he discusses at length, affects his inability to demonstrate that the criminal proceedings terminated in his favor.[31] "The unclean hands doctrine generally 'bars a party from receiving equitable relief because of that party's own inequitable conduct.'"[32] This doctrine does not help Anderson because the agents, whose alleged unclean hands he complains about, are not seeking relief from this court, equitable or otherwise—he is. Anderson does not allege that the agents have acted with unclean hands in this proceeding. And none of the cases that Anderson cites stands for the proposition that the doctrine can be applied to negate Anderson's obligation to show that the favorable-termination element of his claim is met on these facts. I therefore

---

[29] *Id.* at 10 (citing *U.S. v. Anderson*, 2:16-cr-00305, at ECF Nos. 227, 228 (D. Nev. Feb. 22, 2018)). The judicial records that Judge Youchah cites in her order are minutes of a proceeding for a change of plea and the plea agreement from Anderson's criminal proceeding. These judicial records reflect that Anderson pled guilty to Count 1 of the criminal indictment, and the government agreed to dismiss the remaining counts at sentencing. The remaining counts were dismissed at sentencing. *U.S. v. Anderson*, 2:16-cr-00305, at ECF No. 295 (D. Nev. Feb. 6, 2020) (judgment as to Anderson).

[30] ECF No. 35 at 9 (collecting cases).

[31] ECF No. 53.

[32] *Las Vegas Fetish & Fantasy Halloween Ball v. Ahern Rentals, Inc.*, 182 P.3d 764, 766 (Nev. 2008) (quoting *Food Lion, Inc. v. S.L. Nusbaum Ins. Agency, Inc.*, 202 F.3d 223, 228 (4th Cir. 2000)).

7

overrule Anderson's objection, adopt Judge Youchah's recommendation in its entirety, and dismiss with prejudice Anderson's malicious-prosecution claim.

### III. Anderson's motions to be transported and for a TRO are moot [ECF Nos. 65, 67]

The last two motions that I address in this order are Anderson's requests to be transported to Pahrump Spine and Wellness for a medical appointment on July 9, 2020, and for a temporary restraining order requiring CoreCivic to put Anderson back on a Kosher diet and to not interfere with the thumb drives and roll-away computer that he uses for his legal proceedings.[33] Anderson had been housed at CoreCivic's Nevada Southern Detention Center in Pahrump, Nevada, but he was recently moved to the Federal Correctional Complex II in Adelante, California, which is operated by the Federal Bureau of Prisons. Anderson's move to a different facility that's operated by another entity and located in another state moots his motion for injunctive relief against CoreCivic and his motion to be transferred to a medical office in Pahrump, Nevada.[34] I therefore deny as moot Anderson's motions for this relief.

### Conclusion

IT IS THEREFORE ORDERED that the United States' and Burks, Kennedy, and Rowe's motions to set aside the entry of default **[ECF Nos. 49, 58] are GRANTED**. The Clerk of Court is directed to let the docket reflect that the default entered against Burks, Kennedy, and Rowe at ECF No. 48 has been set aside. Kennedy, Rowe, and Burks have until September 13, 2020, to answer or otherwise respond to Anderson's first-amended complaint.

---

[33] ECF Nos. 65 (for transportation), 67 (for a temporary restraining order).

[34] The passage of time has also mooted this request.

8

IT IS FURTHER ORDERED that Anderson's partial objection **[ECF No. 53] is overruled**; Magistrate Judge Youchah's report and recommendation **[ECF No. 35] is ACCEPTED and ADOPTED**.

IT IS FURTHER ORDERED that Anderson's motions to be transported to a medical appointment in Pahrump, Nevada, **[ECF No. 65]** and for a temporary restraining order against CoreCivic **[ECF No. 67] are denied as moot**.

_____
U.S. District Judge Jennifer A. Dorsey
July 15, 2020