UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KAREEN ANDERSON, | Case No. 2:18-cv-02173-JAD-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| UNITED STATES OF AMERICA, *et al*., | |
| Defendants. | |

Before the Court are Plaintiff's Motions to Appoint Expert Witness and to Modify Scheduling Order Pursuant to Fed. R. Civ. P. 16(b)(4). ECF Nos. 64 and 66.[1] The Court has considered each of Plaintiff's Motions and Defendants' respective responses. ECF Nos. 71 and 72. The Court finds as follows.

**I.   BACKGROUND**

Plaintiff's Motion to Appoint Expert is two pages in length and states that Dr. Christensien, located in Pahrump, Nevada, is an expert who "will help the trier of fact to understand the evidence or to determine a fact in issue, based on sufficient facts or data." ECF No. 64 at 2. In response, Defendants argue that the case is straightforward and does not require "testimony of a neutral expert 'to assist the trier of fact to understand the evidence or determine a fact in issue.'" ECF No. 71 at 2 *citing* Fed. R. Evid. 702(a).

Plaintiff's Motion to Modify the Scheduling Order is based upon Plaintiff's inability to find a local doctor who was willing to see him because of his status as an inmate. ECF No. 66 at 2. This, Plaintiff argues, establishes good cause for Plaintiff's request for extra time to secure an expert witness. *Id*. Defendants respond that the deadline to disclose experts expired on June 25, 2020, and Plaintiff made no request prior to that date to extend deadlines. ECF No. 72 at 1. Defendants further

---

[1]   At the time Plaintiff Kareen Anderson filed his Motions he was incarcerated at Nevada Southern Detention Center in Pahrump, Nevada. Plaintiff was recently moved to the Federal Correctional Complex II in Adelante, California. ECF No. 70 at 8.

1

contend that an extension of time is unlikely to give Plaintiff sufficient time to find an expert, and, even assuming an expert was retained, Defendants would then need additional time to prepare a rebuttal expert. *Id*. at 2.

## II.    DISCUSSION

        A.    <u>Plaintiff's Motion Seeking Appointment of an Expert</u>.

"The *in forma pauperis* statute, 28 U.S.C. § 1915, does not provide for the appointment of expert witnesses to aid prisoners or other litigants." *Cepero v. Las Vegas Metropolitan Police Department*, Case No. 2:11-cv-01421-JAD-NJK, 2019 WL 2616179, at *1 (D. Nev. June 26, 2019) (internal citations omitted). Instead, district courts have discretion to appoint an expert under Fed. R. Evid. 706(a), which states that "the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." In order for appointment of an expert to be warranted, the plaintiff's claims must involve complex scientific evidence or issues. *Neal v. Campbell*, 459 F. App'x 656, 658 (9th Cir. 2011) (citing *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999)). In fact, the appointment of an expert in medical treatment cases "is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care." *Honeycutt v. Snider*, Case No. 3:11-cv-00393-RCJ (WGC), 2011 WL 6301429, at *1 (D. Nev. Dec. 16, 2011). Not all claims of failure to provide medical care rise to the level of such complexity that the court and/or jury would require the assistance of an expert. *Walker*, 180 at 1071. The decision whether "to appoint an expert rests solely in the court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the court's need for a neutral, expert review." *Honeycutt*, 2011 WL 6301429, at *1 *citing Ledford v. Sullivan*, 105 F.3d 354, 358–59 (7th Cir. 1997).

Plaintiff's claims include allegations of negligence based on failing to provide him a diet that aligns with his religious beliefs, and failing to provide medical treatment involving his sciatica. These allegations are not complex. Plaintiff is presumably able to testify to his religious beliefs and the diet called for attendant to those beliefs. He offers nothing to suggest that Dr. Christensien or

any other individual is needed to provide this information. With respect to his medical claims, Plaintiff is free to list Dr. Christensien as a treating physician witness, which will allow the doctor to testify to his personal knowledge of Plaintiff's condition and treatment needed. However, the totality of information available does not support the conclusion that expert testimony is needed on the subject matter of sciatica, which is not a complex medical condition and often resolves quickly.[2] For these reasons, the Court finds the appointment of an expert is not appropriate in this case.

With respect to Plaintiff's Motion to Modify the Scheduling Order, while Plaintiff may have established good cause, Plaintiff's request for appointment of an expert at public expense is denied thereby mooting his Motion that seeks an extension for purposes of identifying an expert.

### III.     ORDER

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Appoint Expert Witness (ECF No. 64) and Motion to Modify Scheduling Order Pursuant to Fed. R. Civ. P. 16(b)(4) are DENIED without prejudice.

Dated this 27th day of July 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[2] https://www.everydayhealth.com/sciatica/mythsfacts/#:~:text=Sciatica%20is%20very%20common%2C%20yet%20many%20people%20hold,legs%20%E2%80%94%20caused%20by%20compression%20of%20the%20nerve ("[s]ciatica is very common"); https://www.mayoclinic.org/diseases-conditions/sciatica/symptoms-causes/syc-20377435 ("most cases resolve with non-operative treatments in a few weeks").

3