UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KAREEN ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al*.,<br><br>Defendants. | Case No. 2:18-cv-02173-JAD-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>**Re: Motion docketed as Motion Re Opening Legal Mail (ECF No. 76)** |

Before the Court for Report and Recommendation is Plaintiff's Motion to Stay, Extend Case Schedule, or Order to Provide Proper Access to Court and to Open Legal Mail in Presence of Plaintiff, docketed as Motion re Opening Legal Mail. ECF No. 76. Plaintiff's Motion raises issues concerning his confinement at the Federal Correctional Institution, Victorville ("Victorville"). Plaintiff alleges he is being denied access to the Court; there are delays in processing mail; prison staff open his legal mail outside his presence; prison staff fail to respond to his grievances and requests; he is provided insufficient quantities of food; prison staff are not providing him appropriate food; and, that he is at risk for contracting COVID-19 because he shares a vent with other inmates. *Id.* Plaintiff asks the Court to issue an Order to stop these practices. Plaintiff's Motion is probably best characterized as one seeking prospective injunctive relief.

As summarized by Defendant CoreCivic in its Opposition to Plaintiff's Motion (ECF No. 80), Plaintiff's requests fail because (1) his claims concern his conditions of confinement at Victorville, which is under the control of the Federal Bureau of Prisons ("BOP"), not defendant CoreCivic, (2) the BOP is not a party to this case, and (3) Plaintiff's claims involve issues beyond the scope of those raised in Plaintiff's First Amended Complaint. *Compare* ECF No. 25 *with* ECF No. 76.

In order to acquire either temporary or preliminary injunctive relief in an action the alleged conduct must relate to the allegations of the complaint and must not seek relief against non-parties to the action. The Court cannot grant injunctive relief against non-parties based on unrelated claims.

1

*Howard v. Cox*, Case No. 2:17-cv-01002-JAD-BNW, 2020 WL 3621341, at *1 (D. Nev. July 2, 2020); *Gibson v. Kroha*, Case No. 3:17-cv-5187-RBL-DWC, 2020 WL 1866430, at *2 (W.D. Wash. Mar. 3, 2020), report and recommendation adopted, Case No. 3:17-cv-5187-RBL-DWC, 2020 WL 1862610 (W.D. Wash. Apr. 14, 2020); *see also Zepeda v. U.S. INS*, 753 F.2d 719, 727 (9th Cir. 1984) (an injunction can only affect those over whom the court has power).  Plaintiff's requests for relief against a non-party based on issues unrelated to this litigation must be denied.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Stay, Extend Case Schedule, or Order to Provide Proper Access to Court and Open Legal Mail in Presence of Plaintiff (ECF No. 76), docketed as Motion re Opening Legal Mail, be DENIED.

Dated this 8th day of September 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).