UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KAREEN ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. 2:18-cv-02173-JAD-EJY<br><br>**ORDER**<br>**and**<br>**REPORT AND RECOMMENDATION**<br><br>**ECF Nos. 74 and 75 Motions to Stay and Extend Case Schedule** |

Before the Court is Plaintiff's Motions to Stay and Extend Case Schedule (ECF Nos. 74 and 75).[1] Plaintiff states he is having difficulty accessing mail and legal materials due to Covid-19, prompting his requests for a stay and extension.

**1.　Plaintiff's Motion to Extend Case Schedule**

Plaintiff's Motion to Extend Case Schedule does not state what deadlines Plaintiff seeks extended. Discovery closed in this matter on August 3, 2020, before Plaintiff filed his Motion. All other deadlines pertaining to this matter passed with the exception of the dispositive motion deadline, which was extended to November 2, 2020 (ECF No. 83) thereby allowing Plaintiff additional time to respond to Defendants' discovery requests. Given that Plaintiff has almost two months remaining before dispositive motions are due, and that all other deadlines in this matter have passed, there is no basis to extend the one remaining deadline at this time. For this reason, ECF No. 75, seeking to extend deadlines, is denied.

**2.　Plaintiff's Motion to Stay**

With respect to Plaintiff's request for a stay of these proceedings, the Court recommends this not be granted. While the Court clearly has the inherent power to stay proceedings (*Landis v.*

---

[1] Plaintiff also moved for an order regarding access to the courts and to ensure legal mail was opened in his presence. ECF No. 76. The Court issued a Report and Recommendation regarding those requests on September 8, 2020. ECF No. 84.

1

*N. Am. Co.*, 299 U.S. 248, 254 (1936)), the Court finds a stay is not appropriate here. As explained in *Burrell v. Colvin*, Case No. CV-14-0050-PHX-LOA, 2014 WL 3894109, at *1 (D. Ariz. Aug. 8, 2014):

> The Ninth Circuit has established the following factors district courts should consider when requested to issue a stay: 1) "stays should not be indefinite in nature" and "should not be granted unless it appears likely the other proceeding will be concluded within a reasonable time[,]" *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citing *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir.1979)); 2) courts more appropriately enter stay orders where a party seeks only damages, does not allege continuing harm, and does not seek injunctive or declaratory relief as a stay would result only in delay in monetary recovery, *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268–69 (9th Cir. 1962)); 3) stays may be appropriate if resolution of issues in the other proceeding would assist in resolving the proceeding sought to be stayed, *id.* at 1110–11 (citing *CMAX*, 300 F.2d at 269 ("In the interests of uniform treatment of like suits there is much to be said for delaying the front runner.")); and 4) stays may be appropriate for courts' docket efficiency and fairness to the parties pending resolution of independent proceedings that bear upon the case, "whether the separate proceedings are judicial, administrative, or arbitral in character, and [such stays] do[ ] not require that the issues in such proceedings are necessarily controlling of the action before the court [,]" *id.* at 1111 (citing *Leyva*, 593 F.2d at 863–64).

Plaintiff does not state for how long he seeks a stay. This, in and of itself militates against a stay of proceedings. Plaintiff also seeks injunctive relief against Defendants, the resolution of which is not favored by a stay. Further, this matter has been pending for some time. Efficiency and the Court's desire to control its docket favor denying a stay in this matter. *See* Fed. R. Civ. P. 1.

**ORDER**

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's Motion to Extend Case Schedule (ECF No. 75) is DENIED.

**REPORT AND RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Stay (ECF No. 74) be denied.

Dated this 14th day of September, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2

1 **<u>NOTICE</u>**

2    Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be
3 in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has
4 held that the courts of appeal may determine that an appeal has been waived due to the failure to file
5 objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also
6 held that (1) failure to file objections within the specified time and (2) failure to properly address
7 and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal
8 factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir.
9 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).