UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KAREEN ANDERSON, | Case No. 2:18-cv-02173-JAD-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| UNITED STATES OF AMERICA, *et al.*, | |
| Defendants. | |

Before the Court is Defendants CoreCivic, Dr. Saavedra, and Nurse Ubina's Motion to Compel (ECF No. 81). The Court has considered Defendants' Motion and Plaintiff's Response (ECF No. 85). The Court finds as follows.

**DISCUSSION**

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery. Information falls within the scope of discovery if two elements are satisfied. The rule states that "[p]arties may obtain discovery regarding any nonprivileged matter" if the information is both (1) "relevant to any party's claim or defense" and (2) "proportional to the needs of the case ... ." Fed. R. Civ. P. 26(b)(1). To be "relevant to any party's claim or defense," the requested information "need not be admissible in evidence." *Id.* To be "proportional to the needs of the case," the court examines the requested information in light of six factors: "[1] the importance of the issues at stake in the action, [2] the amount in controversy, [3] the parties' relative access to relevant information, [4] the parties' resources, [5] the importance of the discovery in resolving the issues, and [6] whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

Here, Defendants seeks supplementation of Interrogatory Nos. 1-4, 6, 10-13, and 15-18. Interrogatory No. 1 asks Plaintiff to identify all correctional facilities at which he was housed over the prior 10 years. Plaintiff responds that this information is difficult to obtain and is public information to which Defendants' have access. Although Plaintiff's response is incomplete, the Court finds that his response is sufficient. While his wording may not be perfect, Plaintiff is

incarcerated and does not have ready access to this information. CoreCivic may have access to such information as it contracts with the Federal Bureau of Prisons. Further, Defendants do not state why information regarding Plaintiff's housing at correctional facilities over the past 10 years is proportional to the needs of the case. Plaintiff is not required to supplement his response to Interrogatory No. 1.

Defendants' Interrogatory No. 2 asks for employment information for Plaintiff. Here, Plaintiff fails to identify any employment (albeit there is no dispute he has been incarcerated since November 2018), and states this information is available publicly. Although the Court finds that the information Defendants seek is not available publicly, Defendants fail to explain why Plaintiff's employment over the prior 10 years is proportional to the needs of this case. Plaintiff is not required to supplement his response to Interrogatory No. 2.

Defendants' Interrogatory No. 3 asks Plaintiff to describe in detail all injuries, complaints, and symptoms, whether physical, mental or emotional, Plaintiff claims are the basis of the allegations in his First Amended Complaint. Plaintiff's response is inadequate as he states he is currently seeking a professional examination. Plaintiff further states he will supplement his response, but no supplement has been provided since the original response was provided. Plaintiff's self-described injuries, complaints, and symptoms of any kind are directly proportional to the needs of this case and for Defendants' defense to Plaintiff's claims. Plaintiff is required to supplement his response to Interrogatory No. 3.

Interrogatory No. 4 asks Plaintiff to state whether he is claiming an injury that is permanent as a result of events identified in response to Interrogatory No. 3. Plaintiff's response is the same in Interrogatory No. 4 as it is in Interrogatory No. 3. For the same reason, this response is inadequate. Plaintiff is required to supplement his response to Interrogatory No. 4.

Interrogatory No. 6 asks Plaintiff to list all individuals whether staff or detainees who witnessed any of the events about which he complains and to describe what each individual saw. Plaintiff states he has listed 54 individuals that all witnessed "a reaction from accidental consumption of food restrictions, the denial of nutrition, or" that tried to help him get a proper diet. Plaintiff's response to Interrogatory No. 6 is incomplete. For each individual listed, Plaintiff must identify

what the individual observed or witnessed. A general statement regarding the collective information that may have been observed is insufficient to allow Defendants to properly prepare a defense to this case. Plaintiff is required to supplement his response to Interrogatory No. 6.

Interrogatory No. 10 asks Plaintiff to identify all police contact or court actions of any kind in which he was involved. Plaintiff responds by identifying one civil action and objecting based on Fed. R. Evid. 403. Defendants claim that Plaintiff's civil suit "is of particular interest" because it may reveal pre-existing injuries. The Court highly doubts this is true; however, even accepting that Plaintiff's objection based on Fed. R. Civ. P. 403 is not well taken, Plaintiff has provided what information he can from a claim asserted approximately 10 years ago. Further, Defendants do not state why the information sought is relevant or proportional to the matters at issue in this case. Therefore, Plaintiff is not required to supplement his response to Interrogatory No. 10.

Interrogatory Nos. 11 and 12 seeks information regarding Plaintiff's claims arising from an alleged toenail infection. Plaintiff responds to these Interrogatories that the information desired is provided in the documents pertaining to sick calls and grievance he submitted. However, Defendants want Plaintiff's "own words" and "recollections" as they relate to issues raised by Plaintiff regarding the alleged toenail infection. This is a reasonable request that is proportional to the needs of this case. Plaintiff is required to supplement his responses to Interrogatories Nos. 11 and 12.

Interrogatory No. 13 asks Plaintiff to "detail with specificity" all facts he will use to support his claim that his health depends on a meat and dairy free Kosher diet. Plaintiff's response does not provide the information requested. This Interrogatory is proportional to the needs of the case based on Plaintiff's allegations in his First Amended Complaint. Plaintiff is required to supplement is response to Interrogatory No. 13.

Interrogatory No. 15 asks Plaintiff to detail all facts and identify all document to support his claim for damages. Defendants admit Plaintiff has submitted a computation of damages; however, there are no documents Plaintiff submitted nor narrative that support his claim. Plaintiff must respond to Defendants' Interrogatory No. 15 and identify if there are any documents that support his damages; if so, state what those documents are and produce them; and, provide a narrative in support of his claimed damages.

Interrogatory No. 16 asks Plaintiff to describe with specificity all acts or omissions (failure to act) engaged in by Defendants Saavedra and Ubina that caused him injury, detailing each injury caused. Plaintiff responds and states that the counts in his First Amended Complaint are self-explanatory and that additional information will be provided after he sees a professional. Plaintiff is free to further supplement his response to this Interrogatory after he sees a professional; however, Plaintiff must also provide a narrative—his identification and description—of all events that underly his claims against these individual Defendants. Plaintiff is required to supplement his response to Interrogatory No. 16.

Interrogatory No. 17 asks Plaintiff to identify all civil lawsuits in which he has been involved. Defendants do not state why this request is proportional to the needs of this case. Plaintiff sufficiently responded to this request. Plaintiff is not required to supplement his response to Interrogatory No. 17.

Interrogatory No. 18 asks if Plaintiff has been arrested or convicted of a misdemeanor or felony. Plaintiff responds that he is currently detained on a felony conviction. If Plaintiff has additional knowledge of arrests or conviction of misdemeanors or felonies, other than his current incarceration, he must provide that information to Defendants. Plaintiff is required to supplement his response to Interrogatory 18.

Plaintiff has not responded to Defendant Saavedra's First Set of Interrogatories, First Set of Requests for Production of Documents or First Set of Requests for Admission. Plaintiff does not provide good cause for failing to do so. Plaintiff is ordered to do so as set forth below.

**ORDER**

Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion to Compel (ECF NO. 81) is GRANTED in part and DENIED in Part.

IT IS FURTHER ORDERED that Plaintiff must supplement his responses to Defendant CoreCivic's First Set of Interrogatories Nos. 3, 4, 6, 11, 12, 13, 15, 16, and 18. Plaintiff must place his supplemental responses **in the mail no later than Friday, October 16, 2020**, addressing these responses to Defendant CoreCivic's counsel.

4

IT IS FURTHER ORDERED that Plaintiff is required to provide responses to Defendant Saavedra's First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admission. Plaintiff must place his responses **in the mail no later than Friday, October 16, 2020**, addressing these responses to Defendant CoreCivic's counsel.

Plaintiff is advised that failure to supplement his responses to Defendant CoreCivic's Interrogatories may result in sanctions including, by way of example, a finding by the Court that certain facts are to be inferred in a manner favorable to Defendant CoreCivic or, ultimately, the striking of Plaintiff's Complaint against CoreCivic. Plaintiff is further advised that failure to timely respond to Defendant Saavedra's Requests for Admission will result in a finding that Plaintiff admits each and every request propounded as provided for in Federal Rule of Civil Procedure 36. Failure to respond to Defendant Saavedra's First Set of Interrogatories and First Set of Requests for Production of Documents may also result in sanctions up to and including striking of Plaintiff's Complaint against this Defendant.

Dated this 15th day of September 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE