UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kareen Anderson, | Case No.: 2:18-cv-02173-JAD-EJY |
| Plaintiff | |
| v. | **Order Granting Summary Judgment and Directing Plaintiff to Show Cause Why Remaining Claims Should Not Be Dismissed for Lack of Subject-Matter Jurisdiction** |
| United States et al., | |
| Defendants | [ECF Nos. 86, 87] |

Pro se plaintiff Kareen Anderson sues two sets of defendants in this civil-rights case.[1] He sues the first—the FBI Special Agent defendants—under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, for an arrest that he claims was unlawful. And the second—the CoreCivic defendants—under state law for their allegedly negligent mistreatment of him at the Nevada Southern Detention Center. The FBI Special Agents move for summary judgment on Anderson's *Bivens* claim, largely arguing that there is no genuine issue of material fact about whether the agents had probable cause to arrest him.[2] Anderson merely responds that the evidence the agents relied on was "fabricated."[3] Because Anderson fails to raise an issue of material fact as to probable cause, I grant the FBI Special Agents' motion for summary judgment and I deny as moot their related motion to dismiss as moot.[4]

The success of the agents' summary-judgment motion leaves only Anderson's state-law negligence claim against the CoreCivic defendants. But with no remaining federal claims,

---

[1] ECF No. 25 (amended complaint).
[2] ECF No. 87 (motion for summary judgment).
[3] ECF No. 97 (response).
[4] ECF No. 86 (motion to dismiss).

Anderson's case appears to lack any jurisdictional anchor in this court.  So I order Anderson to show cause by January 15, 2021, why I should not dismiss his remaining state-law negligence claim for lack of subject-matter jurisdiction.

**Background**

On the morning of November 1, 2016, Agents Weesayma Kennedy and Johnathan Rowe waited outside Anderson's apartment complex.[5]  Unbeknownst to Anderson, just miles away, a federal grand jury was issuing an indictment against him for conspiring to distribute methamphetamine and other drug charges.[6]  As soon as the indictment was returned, Agent Ryan Burke, made a call from the courthouse to the agents outside of Anderson's apartment to let them know Anderson had been indicted.[7]  For weeks, the agents had surveilled Anderson's activities—wiretapping his phone, listening to calls and reading texts that Anderson exchanged with a confidential informant, and allowing a confidential source to purchase drugs that Anderson supplied.[8]  Based on this information and the call from Burke, Agents Kennedy and Rowe (with other agents on the task force) arrested Anderson.[9]  Later that day, Magistrate Judge Carl W. Hoffman received the grand jury's indictment and issued warrants for Anderson's and his co-defendants' arrests.[10]

---

[5] ECF Nos. 87-3 at ¶ 6 (Burke declaration); 87-4 at ¶ 4 (Kennedy declaration).

[6] ECF No. 87-2 at ¶ 5 (Cushman declaration).

[7] ECF No. 87-3 at ¶ 6.

[8] ECF No. 87-4 at ¶¶ 9–12.

[9] ECF Nos. 87-4 at ¶¶ 4, 6; 87-5 at ¶ 4 (Rowe declaration).

[10] *United States v. Anderson*, No. 2:16-cr-305-KJD-VCF-1, ECF No. 5 (D. Nev. Nov. 1, 2016) (minutes of proceeding).  I take judicial notice of the docket and documents filed in Anderson's criminal matter underlying this lawsuit.

Anderson eventually pled guilty to one count of conspiracy to distribute a controlled substance and was sentenced to 121 months in prison.[11] As part of his plea agreement, Anderson admitted that he worked with a co-defendant to sell methamphetamine to the FBI's confidential source on three separate occasions.[12] But before he was sentenced, Anderson sued the Agents for a slew of claims that were ultimately whittled down to one: a Fourth Amendment claim under *Bivens*.[13] Anderson maintains that because he was arrested before Magistrate Judge Hoffman issued the warrant, his arrest was unlawful. The Agents now seek to end their participation in this case on summary judgment or on a motion to dismiss Anderson's claim as *Heck*-barred.[14]

## Discussion

### I.   FBI Special Agents' motion for summary judgment [ECF No. 87]

In Anderson's first cause of action, he seeks to hold the FBI Special Agents liable under *Bivens* for arresting him without a valid warrant or probable cause, in violation of the Fourth Amendment. The FBI Special Agents move for summary judgment on Anderson's *Bivens* claim, arguing that they had probable cause to arrest him based on their confidential informants, calls, texts, and observations of Anderson. Importantly, they also argue that they arrested Anderson only after they knew of the grand jury's indictment.

---

[11] *Anderson*, No. 2:16-cr-305-KJD-VCF-1, ECF No. 295 at 1–2 (D. Nev. Feb. 6, 2020).

[12] *Anderson*, No. 2:16-cr-305-KJD-VCF-1, ECF Nos. 228 at 4 (D. Nev. Feb. 22, 2018) (plea agreement), 307 at 16–18 (D. Nev. Feb. 22, 2018) (change-of-plea hearing).

[13] ECF Nos. 35 (order and report and recommendation), 37 (order adopting report and recommendation). Anderson originally sued the United States of America for "imputed negligence," *see* ECF No. 1, but that claim was dismissed. *See* ECF No. 35. With no remaining claims against the United States, I terminate it from this case.

[14] *See* ECF Nos. 87, 86.

### A. Legal standard

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[15] On summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[16] But those inferences must be reasonable and "drawn from the evidence put forth"—excluding "only threadbare conclusory statements."[17] When the moving party does not bear the burden of proof on the dispositive issue at trial, it is not required to produce evidence to negate the opponent's claim—its burden is merely to point out the evidence that shows the absence of a genuine material factual issue.[18] Instead, the party opposing summary judgment bears the burden to provide "evidence that is significantly probative or more than 'merely colorable' that a genuine issue of material fact exists for trial," and to identify "the evidence establishing a genuine issue of material fact in [his] opposition to summary judgment."[19]

### B. There is no genuine dispute that the agents had probable cause to arrest Anderson.

The Fourth Amendment prohibits the government from arresting an individual without probable cause.[20] "Probable cause exists where the facts and circumstances within the officers'

---

[15] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[16] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[17] *Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 680–81 (9th Cir. 1985) (internal quotation marks and citation omitted); *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1136 (9th Cir. 2009) ("While we must draw all reasonable inferences in favor of the non-moving party, we need not draw inferences that are based solely on speculation.").

[18] *Celotex*, 477 U.S. at 323.

[19] *LVRC Holdings*, 581 F.3d at 1136 (citations omitted).

[20] *Ker v. California*, 374 U.S. 23, 34–35 (1963).

4

knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a [person] of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested."[21] Generally, probable-cause determinations are functions of the jury, but summary judgment is appropriate when "no reasonable jury could find that the officers did or did not have probable cause to arrest."[22]

The agents argue that they had ample evidence to support their arrest of Anderson before the warrant was issued, placing the probable-cause determination beyond debate. And, indeed, they did. As Special Agent Kennedy states in his declaration, "Through surveillance, court-authorized intercepted calls, consensual calls and text messages, and controlled purchases of methamphetamine involving FBI confidential human sources (CHS), Anderson was identified as a seller of methamphetamine."[23] In August 2016, Anderson was heard on phone calls, indicating that he could supply the drug, and he "was involved in multiple controlled purchases of methamphetamine. . . ."[24] Kennedy supplied the details of two of those purchases.[25]

Anderson tries to sow doubt in the agents' version of events by saying that the evidence supporting probable cause was "fabricated" and that the agents entrapped him. But he offers no evidence of this fabrication or entrapment. Such aspersions are also belied by the fact that Anderson conceded the veracity of the agents' claims in his plea agreement by admitting, under penalty of perjury, the facts supporting all elements of his charge.[26]

---

[21] *Dunaway v. New York*, 442 U.S. 200, 208 n.9 (1979) (brackets and citations omitted).

[22] *McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984).

[23] ECF No. 87-4 at 3.

[24] *Id*. at 4.

[25] *Id*.

[26] *See Anderson*, No. 2:16-cr-305-KJD-VCF-1, ECF No. 228 at 4 (D. Nev. Feb. 22, 2018) (plea agreement).

Even if I were to accept Anderson's assertions[27] and disregard as fabricated the evidence that the agents relied on before arresting him, "probable cause for an arrest 'may be satisfied by an indictment returned by a grand jury.'"[28] Anderson's only challenge to the agents' reliance on the grand-jury indictment is to claim that the defendants did not provide any evidence on summary judgment to support their timeline of events.[29] But they did. The declaration of the Assistant United States Attorney who procured the indictment establishes that the grand jury returned the indictment against Anderson at about 10:15 a.m. on the morning of the arrest,[30] and she informed Special Agent Burke of the indictment and that Anderson and his co-defendants could be arrested.[31] Burke, in his own declaration, corroborates the AUSA's story and adds that he then informed Special Agent Kennedy that the indictment had been issued.[32] Kennedy's declaration establishes that he and other agents arrested Anderson at approximately 10:45 a.m. after that call from Burke.[33] Although Anderson is entitled to reasonable inferences drawn in his favor, they cannot be drawn from thin air. Because the record establishes without genuine dispute that the agents relied, in part, on a grand-jury indictment, I conclude that no reasonable

---

[27] ECF No. 97 at 2.

[28] *Hart v. Parks*, 450 F.3d 1059, 1070 (9th Cir. 2006) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997)).

[29] ECF No. 97 at 2.

[30] ECF No. 87-2 at 2.

[31] *Id*. at 3.

[32] ECF No. 87-3 at 2.

[33] ECF No. 87-4 at 2–3. The declaration of a second agent, Jonathan Rowe, corroborates this timeline. *See* ECF No. 87-5 at 3.

jury could find that the agents lacked probable cause to arrest Anderson.  So I grant summary judgment in their favor on Anderson's *Bivens* claim.[34]

## II. Anderson must show cause why this case should not be dismissed for lack of subject-matter jurisdiction.

Federal courts have limited jurisdiction to hear cases that present a federal question[35] or involve completely diverse parties and an amount in controversy over $75,000.[36]  And they may exercise supplemental jurisdiction to hear state-law claims that "are so related to claims in the action" that they form the same case or controversy with claims that the court has jurisdiction to hear.[37]  This court originally exercised supplemental jurisdiction over Anderson's state-law negligence claim because his *Bivens* claim presented a federal question.  But now that Anderson's federal claim is gone, this court seems to lack jurisdiction over his remaining negligence claim against the CoreCivic defendants, which exclusively arises under state law.[38]

With no federal-question claim left, this court has subject-matter jurisdiction over this remaining state-law claim only if Anderson can show that the parties are diverse and his claim

---

[34] The FBI Special Agent defendants also move to dismiss Anderson's *Bivens* claim as *Heck*-barred. In the motion they reiterate their previously unsuccessful argument that Anderson did not personally serve them, despite the fact that they were put on notice of the lawsuit, obtained representation, and have continued to defend this suit.  Because I grant summary judgment in their favor, I deny as moot, their motion to dismiss, although, on its merits, I would find that Anderson's *Bivens* claim is *Heck*-barred.  *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996); *Guerrero v. Gates*, 442 F.3d 697, 703–04 (9th Cir. 2006).  And because I grant summary judgment on the lack-of-probable-cause argument, I need not and do not reach the agents' remaining arguments.

[35] 28 U.S.C. § 1331.

[36] 28 U.S.C. § 1332(a)(1).

[37] 28 U.S.C. § 1367(a).

[38] *See* ECF No. 35 at 11 (screening Anderson's "medical neglect" claims as a state-law negligence claim).

value exceeds $75,000.  Generally, for diversity purposes, a person's "domicile is established by physical presence" and an "intent to remain there."[39]  When Anderson filed this lawsuit, he was incarcerated in Nevada, where he was domiciled before his arrest.  Although it appears Anderson is now in a federal prison in California, he was not there when he filed this suit and "the existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed."[40]  And although the defendants, who worked at the Nevada prison were likely domiciled in Nevada in 2018, because Anderson filed this suit under federal question jurisdiction, their domiciles remain unknown to this court.

So I order Anderson to show cause why I should not dismiss this case for lack of subject-matter jurisdiction.  Because this case solely involves state law, Anderson may no longer rely on federal-question jurisdiction.  Instead he must show that, at the time he filed the lawsuit, he did not share a domicile with any CoreCivic defendant and his claims are worth more than $75,000.  This means that if either Dr. Saavedra or Nurse Ubina was physically present and intended to remain in Nevada, Anderson cannot pursue this lawsuit in this court.  Instead, he will have to sue those defendants in the Nevada state court.  If Anderson fails to show cause by January 15, 2021, his silence will be deemed an admission that he cannot establish this court's jurisdiction and this case will be dismissed without any further notice and no prejudice to his ability to refile this claim in state court.

---

[39] *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

[40] *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (citation omitted).

**Conclusion**

IT IS THEREFORE ORDERED that Defendants Ryan Burks, Weesayma Kennedy, and Johnathan Rowe's motion for summary judgment **[ECF No. 87] is GRANTED**. With cause appearing and no just reason for delay, **the Clerk of Court is directed to enter partial judgment in their favor and terminate those defendants from this case.**

IT IS FURTHER ORDERED that the **Clerk of Court is directed to terminate defendant United States from this case** as all claims against it were previously dismissed.

IT IS FURTHER ORDERED that Defendants Burks, Kennedy, and Rowe's motion to dismiss **[ECF No. 86] is DENIED as moot**.

IT IS FURTHER ORDERED that Plaintiff Kareen Anderson must **SHOW CAUSE in writing by January 15, 2021, why this case should not be dismissed for lack of subject-matter jurisdiction**. Failure to do so will result in dismissal of this case without prejudice and without further prior notice. The court will reserve decision on all other pending requests.

_____
U.S. District Judge Jennifer A. Dorsey
December 15, 2020