1            **UNITED STATES DISTRICT COURT**

2               **DISTRICT OF NEVADA**

3    Kareen Anderson,                               Case No.: 2:18-cv-02173-JAD-EJY

4            Plaintiff
                                                    **Order Dismissing Case for Lack of**
5    v.                                             **Subject-Matter Jurisdiction and Denying**
                                                    **Motions**
6    United States of America, et al.,
                                                    [ECF Nos. 105, 106, 112, 118]
7            Defendants

8        Pro se plaintiff Kareen Anderson brought this lawsuit against two groups of defendants

9    alleging that the first unlawfully arrested him and that the second negligently failed to treat his

10   various ailments once he was in prison.  I recently granted summary judgment in favor of the

11   first group, finding that the record demonstrated, beyond dispute, that the agents had probable

12   cause to arrest him.[1]  That left only one state law claim against Dr. Saavedra, Nurse Ubina, and

13   Core Civic.  I explained that for this court to exercise subject-matter jurisdiction over that claim,

14   the parties had to be diverse, and the value of the claim had to be more than $75,000.[2]  But it was

15   unclear whether Saavedra and Ubina, who worked for a Nevada facility, shared a domicile with

16   Anderson, which would destroy diversity jurisdiction.  So I ordered Anderson to show cause why

17   this case shouldn't be dismissed for lack of subject-matter jurisdiction by demonstrating the

18   parties' domiciles at the time he filed this lawsuit.[3]

19       Anderson has not demonstrated that this court has subject-matter jurisdiction over his

20   lawsuit.  In his response, Anderson admits that he is unsure of Saavedra's domicile but argues

21

22   _____

     [1] ECF No. 113 at 6–7.

23   [2] *Id.* at 7–8.

     [3] *Id.* at 8.

that Ubina had no intent to remain in Nevada because after Anderson filed his lawsuit, Ubina stopped working for the prison.[4]  The defendants however fill in the gaps left by Anderson's response.  Both offer declarations in which they make clear that at the time Anderson filed this lawsuit, they were both domiciled in Nevada, where they remain today.[5]  Anderson does not dispute that when he filed this lawsuit, he too was domiciled in Nevada.  Because "[d]iversity jurisdiction under § 1332 requires complete diversity of citizenship" at the time a lawsuit is filed, Anderson's shared domicile with both Saavedra and Ubina destroys diversity because "each of the plaintiffs must be a citizen of a different state than each of the defendants."[6]  So I dismiss this case because Anderson has failed to establish that this court maintains subject-matter jurisdiction over this matter, which now sounds exclusively in state law.  But I do so without prejudice to Anderson's ability to pursue this claim against these defendants in the Nevada state court.

IT IS THEREFORE ORDERED that this case is **DISMISSED without prejudice for lack of subject-matter jurisdiction**.  The Clerk of Court is directed to **ENTER JUDGMENT ACCORDINGLY** and **CLOSE THIS CASE**.  I also certify that any appeal of this dismissal would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

IT IS FURTHER ORDERED that the pending motions in the docket **[ECF Nos. 105, 106, 112] are DENIED without prejudice as moot**.

_____
U.S. District Judge Jennifer A. Dorsey
March 31, 2021

---

[4] ECF No. 118 at 1–2.

[5] ECF No. 119-1 at 2, 5.

[6] *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004); *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (citation omitted).

2